[No. B002939. Second Dist., Div. Seven. Dec. 17, 1984.]

PAUL E. IACONO STRUCTURAL ENGINEER, INC.,
Plaintiff and Respondent, v.
CAMILLE RIZZO, Defendant and Appellant.

804

**COUNSEL**

Weil & Fritz and Janice M. Patronite for Defendant and Appellant.

Gino D. Urbano for Plaintiff and Respondent.

## OPINION

## BIGELOW, J.*—

### APPEAL

Defendant appeals from a money judgment in favor of plaintiff, contending that his motions to dismiss the action before trial should have been granted under the five-year limitation provisions of section 583, subdivision (b) of the Code of Civil Procedure.[1]

### CONTENTIONS AND ISSUES

Defendant contends that his motions to dismiss should have been granted on each of the following grounds:

1. Plaintiff failed to bring its action to trial within five years;

2. Plaintiff was not diligent in attempting to do so; and

3. The trial court abused its discretion in denying his motions.

Plaintiff counters with a claim that it comes within an exception to the five-year statute, and also that defendant's appeal is not a proper remedy.

### FACTS

Plaintiff filed its complaint against defendant on February 17, 1977.

On November 23, 1981, at the mandatory settlement conference, the court vacated a previously set trial date and ordered the case to arbitration.

The arbitration award was filed on November 18, 1982.

Plaintiff filed its request for trial de novo on December 3, 1982.

The trial court set a trial setting conference for February 14, 1983. At this conference, defendant informed the court that the five-year period set forth in section 583, subdivision (b) had expired on February 12, 1983, two days earlier. Defendant's calculation had correctly taken into account the

---

*Assigned by the Chairperson of the Judicial Council.

[1]All further references are to the Code of Civil Procedure.

tolling of the statute from the date the court ordered the case into arbitration until the filing of the arbitration award as provided in section 1141.17. Defendant stated he intended to move the court for dismissal of the action under section 583, subdivision (b). The court set a new date for trial of May 3, 1983.

On April 4, 1983, the court heard and denied defendant's motion to dismiss.

On May 3, 1983, the trial was continued to May 24 on plaintiff's motion. On May 24 the trial was continued to July 26 on the motion of plaintiff, which was joined in by defendant.

On July 26, the court trailed the matter to August 3.

On August 3, 1983, defendant renewed his motion to dismiss, which the court denied, and trial of the case actually commenced.

## DISCUSSION

### NEW RULE CONTROLLING

In *Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 240-242 [197 Cal.Rptr. 546, 673 P.2d 216], the court declared a new rule for computing the time under similar facts, which rule is controlling here, and disposes of this case: "Section 1141.20 provides that, after the arbitrator's decision has been filed, a party who is not satisfied with the award must initiate the process which will bring the case to trial by making a timely request for a trial de novo. Once such a request has been made, this section requires that a case be *calendared* for trial in the order of priority it held before arbitration. Since the trial court alone has the power to order a matter placed upon its trial calendar, section 1141.20 imposes a duty upon the court *sua sponte* to recalendar the trial in 'the same place . . . it had prior to arbitration.' [Fn. omitted.] In compliance with this statutory mandate, and in order to ensure that the plaintiff will retain the benefit of the amount of time remaining in the five-year period when the case went into arbitration, that period will remain tolled until the new trial date set by the court. . . . [¶] The time between the date the arbitration award is filed with the court and the date set for the new trial is to be excluded from calculation of the five-year period of section 583(b). This rule will ensure that the postarbitration trial date retains the same place in relation to the end of the five-year period as was held by the original trial date." (*Moran* v. *Superior Court, supra,* 35 Cal.3d 229, 240-242.)

## Time Calculation

■ Defendant correctly sets forth in his opening brief that on November 23, 1981, when the court ordered the case into arbitration, only 86 days of the 5-year period remained under section 583, subdivision (b). The statute was first tolled under section 1141.17 until the filing of the arbitration award on November 18, 1982. Under the ruling in *Moran, supra,* 35 Cal.3d 229, that statute would remain tolled until the court sets a new date for trial upon the timely request of one of the parties. The court set the new date for trial as May 3, 1983. On May 3 then, plaintiff still had 86 days left of the 5-year period of section 583, subdivision (b).

Without taking into account who the moving parties were in the two continuances that the court granted, the case was ready for trial on the continued date of July 26, 1983. This date was 85 days after the first setting of the new date for trial after the arbitration proceedings. The plaintiff had "brought his case to trial" with one day to spare of the five-year period.

The court, not the plaintiff, trailed the matter for trial until August 3, 1983, when the trial actually commenced. It was the court duty, *sua sponte,* to send the case to an open trial court for actual commencement of trial within the time remaining on the five-year period. (See *Hartman* v. *Santamarina* (1982) 30 Cal.3d 762 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833].) The time that the court did not perform this duty, namely, from July 26 to August 3, 1983, is to be excluded from the five-year period. (*Nail* v. *Osterholm* (1970) 13 Cal.App.3d 682, 686 [91 Cal.Rptr. 908], which was quoted with approval in *Hartman, supra,* 30 Cal.3d 762.)

## Retroactive Application of Rule

This case on appeal was tried and decided by the trial court, and then judgment entered on August 31, 1983. Defendant filed his notice of appeal on September 6, 1983. The *Moran* decision (*supra,* 35 Cal.3d 229) was filed thereafter, to wit, on December 22, 1983, and became final 30 days later. That court opinion was silent as to retroactivity.

In favor of applying the *Moran* rule to this case is the fact that the same code sections were in effect at the time of the trial court's decision in both cases. The *Moran* case merely interpreted the meaning of the code sections involved in order to give them full force and effect, and to preserve plaintiff's right to a trial on the merits of his case. ■ "Although a defendant is entitled to the weight of the policy underlying the dismissal statute, which seeks to prevent unreasonable delays in litigation, the policy is less powerful

than that which seeks to dispose of litigation on the merits rather than on procedural grounds." (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

■ The extent to which a new right or rule shall apply in cases other than those which are commenced in the future must "turn upon considerations of fairness and public policy." (*Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 829 [119 Cal.Rptr. 858, 532 P.2d 1226, 78 A.L.R.3d 393].) ■ The rule or interpretation of procedural code sections in *Moran, supra,* 35 Cal.3d 229, should apply to all cases not final as of the date of the finality of that opinion (see *Salas* v. *Cortez* (1979) 24 Cal.3d 22, 34 [154 Cal.Rptr. 529, 593 P.2d 226]), and we hold that it does.

### APPEAL A PROPER REMEDY

■ We need not, and do not reach or decide defendant's other contentions. Plaintiff's contention that appeal from the judgment against him is not a proper remedy available to defendant is incorrect.

■ Since no direct appeal lies from an order denying a motion to dismiss based on section 583, subdivision (b), submission to trial and subsequent appeal from the judgment is an *inadequate* remedy for the defendant whose motion is meritorious. Hence, the duty to dismiss may be directly enforced by an extraordinary writ from a reviewing court, either mandamus to compel dismissal, or prohibition to restrain the trial. (*McDonough Power Equipment Co.* v. *Superior Court* (1972) 8 Cal.3d 527, 530 [105 Cal.Rptr. 330, 503 P.2d 1338]; also, *J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 669 [343 P.2d 919].)

■ The availability of mandamus or prohibition because there is no direct appeal from a denial of a motion to dismiss, does not preclude the remedy of appeal from the final judgment of the trial court. Section 904.1 provides for an appeal from a final judgment.

### DISPOSITION

The judgment is affirmed.

Thompson, Acting P. J., and Johnson, J., concurred.