[No. B009157. Second Dist., Div. Three. Oct. 21, 1985.]

INEZ HUGHES, Plaintiff and Appellant, v.
SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT et al.,
Defendants and Respondents.

**COUNSEL**

Michaelson, Withey & Levine and Pamela A. Withey for Plaintiff and Appellant.

Mavridis & Conway, Jack K. Conway, Baraban & Teske and Warren L. Gilbert for Defendants and Respondents.

## OPINION

**KLEIN, P. J.**—Plaintiff and appellant Inez Hughes (Hughes) appeals from a judgment dismissing her personal injury action against defendants and respondents Southern California Rapid Transit District (RTD) and Harriet Montgomery (Montgomery)[1] for failure to bring the matter to trial within the statutory period required by the Code of Civil Procedure section 583, subdivision (b).[2]

Because the statutory period, as interpreted by the Supreme Court in *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216], was tolled under section 1141.20, the trial court erred in granting the motion of the RTD and Montgomery for dismissal. Therefore, the judgment is reversed.

### PROCEDURAL AND FACTUAL BACKGROUND

On October 20, 1978, Hughes filed a complaint against the RTD alleging personal injuries suffered in an accident which occurred on December 14, 1977, while Hughes was a passenger on a RTD bus. The RTD answered on April 16, 1980, and Hughes filed an at-issue memorandum on October 16, 1980.

Pretrial discovery ensued, during which time routine discovery was pursued by both sides. At a trial setting conference on August 4, 1982, the matter was ordered into arbitration by the trial court over Hughes' objection.

The arbitration hearing originally scheduled for April 6, 1983, was concluded after several continuances on September 16, 1983. The award was filed on September 26, 1983, the matter thereby having been in arbitration for just over one year.

On October 7, 1983, the RTD timely filed a request for trial de novo. The trial court scheduled a trial setting conference for January 4, 1984.

---

[1] While Montgomery did not join the RTD's motion to dismiss, she also is a respondent to this appeal and joins by adopting the arguments advanced by the RTD's briefs. This decision applies equally to Montgomery.

[2] Hereinafter, all code references are to the Code of Civil Procedure unless otherwise indicated.

Hughes failed to give notice of the conference to the RTD, and on January 4, 1984, when neither party appeared for the conference, the trial court struck Hughes' at-issue memorandum.

By Hughes' unopposed motion to reinstate the at-issue memorandum, the trial court reinstated the memorandum on February 14, 1984, and ordered a trial setting conference for March 14, 1984. Subsequently at the March conference, a trial date of July 9, 1984 was set, a date approximately five years and nine months from the time the complaint was filed. However, on April 16, 1984, RTD filed a motion to dismiss the action pursuant to section 583, subdivision (b).[3]

The motion to dismiss was heard by the trial court on June 1, 1984, and granted on June 5, 1984, on the grounds the five-year statute in section 583, subdivision (b) had run on April 6, 1984, and thereby barred Hughes' action.

## CONTENTIONS

Hughes contends the trial court erred in dismissing her action pursuant to section 583, subdivision (b) because: (1) retroactive application of the newly amended section 1141.17 was improper as it should only be applied prospectively; (2) section 583, subdivision (b) was tolled by section 1141.20, as interpreted by the Supreme Court in *Moran v. Superior Court, supra,* 35 Cal.3d 229.

## SUMMARY

Hughes' action would be subject to a mandatory five-year dismissal unless the provisions of section 583, subdivision (b) were tolled for some reason. Good cause exists because her case was submitted to mandatory arbitration during the course of the five years, and a timely request for a trial de novo was filed thereafter. *Moran* holds section 1141.20 mandated the court to recalendar Hughes' case *sua sponte* and that the five-year period was tolled until the new trial date. Therefore, there is no way Hughes' action could be dismissed as exceeding the five years.

---

[3]At all times relevant to the facts of this case, section 583, subdivision (b) provided in pertinent part: "Any action . . . shall be dismissed by the court in which the same shall have been commenced . . ., unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

Section 583 has since been repealed effective January 1, 1985. The substance of subdivision (b) is continued in section 583.310.

DISCUSSION

1. ■ *Dismissal of Hughes' action was premature because the time from the request for trial de novo until the new trial date should have been excluded in calculating the five-year limit.*

a. *Moran is controlling.*

Dispositive here is the rule, espoused by the Supreme Court in *Moran* v. *Superior Court, supra,* 35 Cal.3d at pages 240-242, interpreting section 1141.20[4] as providing a tolling of the five-year statute in section 583, subdivision (b).

*Moran* involved a medical malpractice action filed on March 6, 1975. At a settlement conference on January 11, 1980, the court vacated a February 11, 1980, trial date and ordered the case into mandatory arbitration. *(Id.,* at p. 233.) During the time the case was in arbitration, the statutory five-year period was tolled by section 1141.17. When the arbitration award was filed on March 17, 1981, the limitations period of section 583, subdivision (b) again commenced to run. At that date, 41 days remained before expiration of the 5-year period. Moran filed a timely request for a trial de novo on April 3, 1981, 24 days before the expiration of the 5-year period. *(Id.,* at pp. 234-235.) The court failed to set the case for calendar, and in August of 1981, the defendants filed motions to dismiss relying on the five-year statute. *(Id.,* at p. 236.)

The *Moran* court found that once a timely request for trial de novo has been made, section 1141.20 requires the case be recalendared for trial by the court, *sua sponte,* in the same place it had prior to arbitration. *(Moran* v. *Superior Court, supra,* at pp. 240-241.) As a result of the court's duty therein, the *Moran* court expressly stated the five-year statute, within section 583, subdivision (b), "will remain tolled until the new trial date set by the court." *(Id.,* at p. 241.)

In cases subsequent to *Moran,* courts have readily applied the *Moran* rule in factual situations similar to the instant case. (See, e.g., *Ward* v. *Levin* (1984) 161 Cal.App.3d 1026 [208 Cal.Rptr. 312]; *Paul E. Iacono Structur-*

---

[4]At all times relevant to the facts of this case, section 1141.20 provided in pertinent part: "An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court. Any party may elect to have a de novo trial, . . . Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place . . . it had prior to arbitration, . . ."

Section 1141.20 was amended effective January 1, 1985, so as to allow 30 days after the award in which to timely file for a trial de novo.

*al Engineer, Inc.* v. *Rizzo* (1984) 162 Cal.App.3d 803 [208 Cal.Rptr. 787]; *Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 223 [213 Cal.Rptr. 132] (dis. opn. of White, P. J.).) We must also conclude the *Moran* rule is controlling here.

In the present case, the RTD's request for trial de novo on October 7, 1983, activated the trial court's duty, under *Moran,* to set the case for trial in a timely fashion. Because the five-year period had not expired prior to October 7, 1983, even disregarding any tolling period provided by section 1141.17, under *Moran* the five-year statute would have been tolled during the time it took the court to perform its duty of recalendaring the case. (*Ward* v. *Levin, supra,* 161 Cal.App.3d at p. 1032.)

Because the court below set a trial date of July 9, 1984, the statute was automatically tolled until this date under the *Moran* rule. Thus, the court's dismissal of Hughes' action on June 1, 1984, was premature.

b. ■ *Section 1141.17, as amended effective January 1, 1984, does not supersede the Moran rule.*

The RTD contends the amended version of section 1141.17 acts to supersede the rule announced by *Moran,* and later relied on in *Ward* and *Rizzo.* We do not agree.

The RTD supplies no statutory or case authority in support of its position. We find the contention unconvincing for two reasons. First, as discussed above, the *Moran* rule is premised on section 1141.20, not section 1141.17. In 1984, after the Supreme Court's decision in *Moran,* the Legislature amended section 1141.20. The amendment did nothing to change the statutory language relied on by the *Moran* court in developing the *Moran* rule.[5] Without subsequent statutory language to the contrary, the *Moran* rule remains valid.

Second, there is nothing in the amended version of section 1141.17 which invalidates the *Moran* rule. Section 1141.17, subdivision (b), as amended effective January 1, 1984, essentially provides that if judicial arbitration is pending at any time during the final six months of the five-year period, the plaintiff is allowed six months after a request for trial de novo to bring the case to trial. (§ 1141.17, subd. (b).) This section cannot be construed to override the provisions of section 1141.20.

Moreover, we find nothing in the legislative histories, to either the 1983 or 1984 section 1141.17 amendments, which would support such an inter-

---

[5]See footnote 4, *ante.*

pretation.[6] Thus, we are left with only one viable conclusion—the *Moran* rule is still alive and well, and necessarily controls in the case at bench.

*2. Appropriateness of trial court's retroactive application of section 1141.17, as amended in 1983 and effective January 1, 1984, need not be decided.*

We need not, and do not reach Hughes' other contention that the trial court improperly applied section 1141.17 retroactively to her case as the ground for dismissal. Because the court's dismissal was premature under the *Moran* rule which precludes dismissal prior to the date set for trial de novo, it is unnecessary for us to consider the propriety of the trial court's retroactive application of section 1141.17, as amended in 1983.

DISPOSITION

The judgment is reversed.

Lui, J., and Danielson, J., concurred.

---

[6]It is important to note that the only mention of the *Moran* case in the legislative history appears in the following Legislative Committee comment—Assembly 1984 Amendment of section 1141.17: "Section 1141.17 supersedes the rule stated in *Moran* v. *Superior Court,* . . . that the time between the date the arbitration award is filed and the date set for trial de novo is to be excluded from the calculation of the five-year dismissal period. [17 Cal.L.Rev.Comm. Reports 905 (1984); 84 A.J. 20411.]"

Such effect may have been one of the Legislature's motives in amending section 1141.17; however, the effort fell short of accomplishing that goal. There is no ambiguity in the Supreme Court's holding in *Moran,* nor is there any ambiguity in sections 1141.17 and 1141.20 to which this Legislative Committee comment would be relevant. We remain unpersuaded by this unsupported, passing comment which apparently attempts to vest section 1141.17 with a power it clearly lacks.

We also recognize that *Moran* emasculates section 1141.17 as it permits all plaintiffs to avoid dismissal under the five-year statute whenever section 1141.20's request for de novo is timely filed. However, this inconsistency must be left for the Legislature to correct via remedial legislation.