[No. B017910. Second Dist., Div. Seven. Oct. 15, 1986.]

NANCY M. BARNA, Plaintiff and Appellant, v.
PASSAGE 350 CANON et al., Defendants and Respondents.

## COUNSEL

Pamela A. Withey for Plaintiff and Appellant.

Richard Pech and Robert J. Buscho for Defendant and Respondent.

## OPINION

**THOMPSON, J.**—Plaintiff appeals from a judgment of dismissal entered upon an order made pursuant to sections 583.310 and 583.360 of the Code of Civil Procedure.[1] The two issues presented by this appeal are: whether,

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

Section 583, subdivision (b), repealed effective January 1, 1985, governs the instant case, rather than section 583.310, under the provisions of section 583.160, subdivision (b), which provides in substance that a motion for dismissal made within one year after January 1, 1985, the effective date of the current statutory law, is governed by the applicable law in effect immediately before. However, the substance of section 583, subdivision (b), is continued in section 583.310. (See *Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 220, fn. 2 [213 Cal.Rptr. 132].)

Section 583, subdivision (b), provided: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended."

once a timely request for trial de novo has been made following court-ordered arbitration, section 1141.20 requires the case to be recalendared for trial by the court, sua sponte, in the same place it had prior to arbitration; and whether the five-year statute (§ 583.310), under these circumstances, remains tolled until the new trial date is set by the court. Because we answer in the affirmative, we will reverse.

FACTS

The facts are not in dispute. On May 21, 1980, plaintiff, a former tenant in a commercial shopping center, filed an action for damages for misrepresentation and breach of a commercial lease against defendants, the lessor and real estate broker. The parties conducted extensive discovery.

On December 1, 1981, the at-issue memorandum was filed. Subsequently, on October 6, 1982, the court held a trial setting conference. At that time, the judge set a trial date of April 13, 1983. At the request of the parties, the trial date was continued twice and finally set for February 15, 1984. During this period, plaintiff substituted out her attorney of record on June 1, 1983, and elected to proceed in pro. per.

At the mandatory settlement conference held on February 15, 1984, the trial court determined that the amount in controversy did not exceed $25,000, vacated the trial date, and ordered the case into arbitration.

The case went to arbitration. Following a full hearing, on August 7, 1984, the arbitrator filed his award in favor of the plaintiff, and against the defendants, in the sum of $20,600. On August 17, 1984, the defendants filed their request for a trial de novo.

Not having heard from either the defendant or the court following the filing of the request for trial de novo, the plaintiff, starting in November 1984, made a number of contacts with the superior court clerk's office by telephone. At first, she sought information about whether there was any action to set her case for trial. Later, she requested that the case be given the same position on the calendar it had before arbitration. On each of these occasions, the clerk informed the plaintiff that she would be notified.

Subsequently, in July 1985, the plaintiff was notified by the clerk's office that on July 12, 1985, the court ordered the trial setting conference set on August 5, 1985. Prior to the trial setting conference, however, the defendants filed a notice informing the plaintiff and the court that their appearance at the conference would not constitute a waiver of their rights under the

dismissal statutes. On August 5, 1985, the court held the trial setting conference and set the trial date for November 18, 1985.

On August 16, 1985, defendants filed a noticed motion to dismiss pursuant to sections 583.310 and 583.360 on the ground the plaintiff had failed to prosecute the action and to bring it to trial within five years from the date that it was filed. The plaintiff filed opposition to the motion, contending that the matter was primarily controlled by *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216]. The motion was heard on October 11, 1985, at which time the court granted the motion and entered an order of dismissal from which the plaintiff appeals.

## DISCUSSION

Plaintiff contends that the five-year dismissal statute was tolled during the period of time between the date the arbitration award was filed with the court and the date set for the new trial and thus the dismissal of her case is premature. We find this contention meritorious.

### A. *The Moran Decision*

Under facts strikingly similar to the facts here, our Supreme Court was called upon in *Moran* v. *Superior Court, supra,* 35 Cal.3d 229, to determine the propriety of an order of the trial court refusing to dismiss the plaintiff's case on the ground the action had not been brought to trial within five years. (§ 583, subd. (b).) The Supreme Court concluded that the trial court properly refused to dismiss the action under section 583, subdivision (b), for two independent reasons. First, the Supreme Court determined that the plaintiff had pursued her action with reasonable diligence, thus making the exception of impossibility available to excuse the application of the five-year statute.

Second, the Supreme Court determined that a dismissal of plaintiff's action would have been premature because the time from filing the arbitration award until the new trial date is excluded in calculating the five-year limit. In making this determination, the Supreme Court had to construe a part of section 1141.20. That part provides: "Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar." The Supreme Court held that this section imposes a duty on the trial court sua sponte to recalendar the trial in "'the same place . . . it had prior to arbitration.'" (35 Cal.3d at p. 241.) Moreover, "in order to ensure that the plaintiff will retain the benefit of the amount of time remaining in the five-year period when the case went into arbitration," the Supreme Court

also held that the "period will remain tolled until the new trial date set by the court." (*Ibid.*) The Supreme Court reasoned, citing *Hartman* v. *Santamarina* (1982) 30 Cal.3d 762 [180 Cal.Rptr. 337, 639 P.2d 979, 32 A.L.R.4th 833],[2] that a plaintiff has a right to assume that the court will perform its duty so that the new trial date will stand in the same relation to the end of the five-year period as it originally did. (*Moran, supra,* 35 Cal.3d at p. 242.)

In short, the Supreme Court concluded that, where, as here, "a defendant seeks a trial de novo after arbitration, the trial court should give the matter priority and assign it the earliest possible trial date. The time between the date the arbitration award is filed with the court and the date set for the new trial is to be excluded from calculation of the five-year period of section 583(b). This rule will ensure that the postarbitration trial date retains the same place in relation to the end of the five-year period as was held by the original trial date." (*Id.*, at p. 242.)

 We find that the tolling decision of *Moran* is consistent with, and supportive of, the declared legislative purposes of judicial arbitration which are set forth in section 1141.10. We reach this conclusion because we are unable to find in these legislatively expressed purposes the notion that the arbitration process should be used to facilitate the use of the five-year mandatory dismissal statute in order to terminate litigation. Nonetheless, some defendants treat the court-annexed arbitration alternative as an opportunity to enhance this possibility. Courts therefore must be constantly alert that they are not part of this misguided endeavor, but rather are jealous guardians of the true purposes of judicial arbitration, especially in the situation, like *Moran,* where the defendant seeks a trial de novo after arbitration.

### B. *Applicability of Moran*

In cases subsequent to *Moran,* courts have readily applied the *Moran* rule in factual situations similar to the instant case. (See, e.g., *Ward* v. *Levin* (1984) 161 Cal.App.3d 1026 [208 Cal.Rptr. 312]; *Paul E. Iacono Structural Engineer, Inc.* v. *Rizzo* (1984) 162 Cal.App.3d 803 [208 Cal.Rptr. 787].) Nonetheless, defendants argue that legislative amendments to section

---

[2]In *Moran,* the Supreme Court explained that its tolling decision comports with the court's holding in *Hartman* v. *Santamarina, supra,* 30 Cal.3d 762, where the trial judge had been challenged under section 170.6. There, the 170.6 motion was followed by an 11-month period of inaction in the case. The lack of action was attributable in part to the court's failure to assign another judge to hear the case. The *Moran* court observed that, "[i]n holding a dismissal under section 583(b) erroneous, this court noted that "'the period that the trial is held in abeyance pending assignment of another judge is to be disregarded in considering a subsequent motion to dismiss.'" [Citations.]" (*Id.*, at p. 241.)

1141.17[3] were intended to supersede the *Moran* rule. They assert that section 1141.17, as amended effective January 1, 1984, was intended by the Legislature to be the only provision suspending the running of the five-year statute.

In a well-reasoned decision by Division Three of this court, this argument was considered and rejected in *Hughes* v. *Southern Cal. Rapid Transit Dist.* (1985) 173 Cal.App.3d 512 [219 Cal.Rptr. 82]. In concluding that section 1141.17, as amended effective January 1, 1984, did not supersede the *Moran* rule, the *Hughes* court correctly reasoned: "[T]he *Moran* rule is premised on section 1141.20, not section 1141.17. In 1984, after the Supreme Court's decision in *Moran,* the Legislature amended section 1141.20. The amendment did nothing to change the statutory language relied on by the *Moran* court in developing the *Moran* rule. [See *Hughes* v. *Southern Cal. Rapid Transit Dist., supra,* 173 Cal.App.3d at p. 516, fn. 4.] Without subsequent statutory language to the contrary, the *Moran* rule remains valid. [Fn. omitted.]" (*Id.,* at p. 517.)

### C. *Applicability of Reasonable Diligence*

██ Defendants further argue, citing *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1 [225 Cal.Rptr. 905], that, in order for a court's sua sponte duty to arise to recalendar a matter once a timely request for trial de novo is filed, a plaintiff must still exercise reasonable diligence in bringing his case to trial.

Defendants' reliance on *Hill* v. *Bingham,* however, is misplaced. Unlike here, the plaintiff there failed to bring the matter to anyone's attention, the trial setting conference occurred *prior* to the running of the five-year statute, and the plaintiff acquiesced in the court setting a trial date beyond the expiration of the five-year period.

More importantly, however, the *Bingham* holding appears to be out of harmony with *Moran.* In *Bingham,* another division of this court concluded that for the court's sua sponte duty to arise to recalendar the trial in the

---

[3]Section 1141.17 was amended in 1983 (and again in 1984 to correct its cross-reference to the revised dismissal statute). It now reads as follows: "(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Chapter 1.5 (commencing with Section 583.110) of Title 8 of Part 2, except as provided in this section. [¶] (b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310." (Amended by Stats. 1983, ch. 123, § 3; Stats. 1984, ch. 1705, § 6.)

same place it had prior to arbitration, not only must there be a timely request for trial de novo but also the plaintiff must bring to the trial court's attention the time frame of the case. (*Id.*, at pp. 11-12.) The *Bingham* court reasoned that "*Moran* did not intend to permit a plaintiff to abdicate a continuing responsibility for prosecuting the case merely because a timely request for trial de novo was filed. Absurdities would otherwise result. Hypothetically, in the event a request for trial de novo were filed and the superior court clerk were to misplace the request, with no action then being taken by the court for two years, or for 20, surely a plaintiff could not maintain the time was tolled for the entire period." (*Id.*, at p. 11.)

On this point, we take a view contrary to the *Bingham* case. We hold that, under the tolling rule of *Moran,* the reasonable diligence of the plaintiff is placed in issue under the discretionary dismissal statutes (§§ 583.410, 583.420, subd. (a)(2)), but not under the mandatory dismissal statute (§ 583.310).

In *Moran,* the Supreme Court focused on the five-year dismissal statute, concluding that "[t]he time between the date the arbitration award is filed with the court and the date set for the new trial is to be excluded from calculation of the five-year period of section 583(b)." (35 Cal.3d at p. 242.)

Likewise, under an analogous tolling statute (§ 1141.17),[4] the focus is on the five-year statute. For example, while a case is pending in arbitration within the last six months of the five-year limit, the period beginning on the date four years and six months after the action was commenced and ending on the date a request for trial de novo is filed is excluded in computing the five-year period of section 583.310. (§ 1141.17, subd. (b).) Thus a

---

[4]A brief legislative and decisional history of section 1141.17 is offered to highlight our analysis.

Former section 1141.17 read as follows: "Submission of an action to arbitration pursuant to this chapter shall not toll the running of the time periods contained in Section 583 as to actions filed on or after the operative date of this chapter [July 1, 1979]. Submission to arbitration pursuant to a court order within six months of the expiration of the statutory period shall toll the running of such period until the filing of an arbitration award."

In *Moran,* the court held that the interpretation adopted in *Crawford* v. *Hoffman* (1982) 132 Cal.App.3d 1015 [183 Cal.Rptr. 599], and rule 1601(d) of the California Rules of Court, correctly implemented former section 1141.17 in providing that, when an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time periods specified in Section 583, subdivision (b). (35 Cal.3d at p. 234, fn. 5.)

Looking at the language of section 1141.17, as amended effective January 1, 1984, and its plain meaning, it is apparent that the Legislature incorporated the *Hoffman* decision and rule 1601(d), except for minor modifications, into the amended statute. In fact, the amended statute rendered former rule 1601(d) unnecessary, and it was deleted in 1984. (See 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 160, pp. 469-470.)

plaintiff is protected from the diligent prosecution five-year statute simply because the case is on the arbitration list during the last six months of the statutory five years. (See, e.g., *Apollo Plating, Inc.* v. *Superior Court* (1982) 135 Cal.App.3d 1019, 1022 [214 Cal.Rptr. 3].) However, a plaintiff is not afforded such protection from the discretionary dismissal statutes. (See, e.g., *D'Hondt* v. *Regents of University of California* (1984) 153 Cal.App.3d 723, 729-730 [200 Cal.Rptr. 628].)

We therefore conclude that, under the tolling rule of *Moran,* a trial court may not only consider the plaintiff's conduct prior to submission to arbitration but may also consider the activities of the plaintiff while the matter is submitted to arbitration and after a request for trial de novo is filed to determine the propriety of a discretionary dismissal, but not a mandatory dismissal. Hence, the fears expressed in *Bingham* about cases with unlimited statutory life are misplaced.

In the instant case, the arbitrator's award was filed on August 7, 1984, and the trial was recalendared for November 18, 1985. The motion to dismiss was granted on October 11, 1985, six months after the fifth anniversary date of the filing of the action, but while the running of the five-year period remained tolled. Thus, the dismissal was premature.

## CONCLUSION

Accordingly, the judgment is reversed. The plaintiff shall recover costs on appeal.

Lillie, P. J., and Johnson, J., concurred.