[B023135. Second Dist., Div. Three. July 29, 1988.]

WILLARD S. BERRY et al., Plaintiffs and Appellants, v. GERALD M. WEITZMAN, Defendant and Respondent.

**COUNSEL**

Rudolph Pacht for Plaintiffs and Appellants.

Laurence E. Clark and Wanda Grasse for Defendant and Respondent.

**OPINION**

KLEIN, P. J.—Plaintiffs and appellants Willard S. Berry and Aubra Berry (Berrys) appeal an order granting defendant and respondent Gerald M. Weitzman's (Weitzman) motion to dismiss on the ground the action was not brought to trial within five years.

Because the running of the five years was not automatically tolled by Weitzman's filing of the request for trial de novo following arbitration, and the Berrys were not thereafter diligent in bringing the action to trial, the order is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

A dispute arising from the Berrys' sale of their business to Weitzman led to the Berrys' filing a complaint against Weitzman on May 2, 1980. Weitzman cross-complained. At a mandatory settlement conference on June 12, 1984, the matter was ordered into arbitration.

Arbitration was held on October 3 and 18, 1984. On January 23, 1986, the arbitrator belatedly filed an award, which provided for the Berrys to recover $23,000 together with interest and for Weitzman to take nothing on his cross-complaint. On January 28, 1986, Weitzman filed a request for trial de novo.

A trial setting conference was scheduled for June 9, 1986, at 9 a.m. The Berrys' attorney forgot about the conference and did not arrive until 11 a.m., at which time he learned the action had been dismissed.

The following day, Weitzman refused the Berrys' request for a stipulation that the previous day's order be vacated. An order dismissing the action with prejudice was entered June 19, 1986.

On July 11, 1986, the Berrys filed a motion to vacate the order of dismissal on the ground of excusable neglect and inadvertent mistake on the part of their counsel. Weitzman filed an opposition. The matter was heard August 1, 1986. The trial court granted the Berrys' motion to vacate, without prejudice to Weitzman's seeking dismissal under the five-year rule, and the matter was set for trial on September 5, 1986.

On August 18, 1986, Weitzman filed a motion to dismiss on the ground the five-year period within which the action was required to be brought to trial expired on July 28, 1986. The matter was heard August 27, 1986, and Weitzman's dismissal motion was granted for the reasons stated in the moving papers. The dismissal order was filed September 29, 1986.

The Berrys appealed.

## CONTENTIONS

The Berrys contend it was error to dismiss their action because public policy favors trial on the merits, and further, while the action was in court-ordered arbitration, that time had to be excluded from the computation of the five-year period.

## DISCUSSION

Dismissal under the five-year rule was proper.

(a) *General principles.*

(i) *Relevant statutes.*

Code of Civil Procedure section 583.310[1] states: "An action shall be brought to trial within five years after the action is commenced against the defendant." The requirement is mandatory and not subject to extension, excuse or exception, except as expressly provided by statute. (§ 583.360.)

Section 1141.17 sets forth the tolling rule applicable to cases involving judicial arbitration, and provides: "(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in [§ 583.110 et seq.], except as provided in this section. [¶] (b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a de novo trial is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310."

(ii) *Plaintiffs must proceed with diligence following request for trial de novo.*

■ "Since the trial court alone has the power to order a matter placed upon its trial calendar, section 1141.20 imposes a duty upon the court *sua sponte* to recalendar the trial in 'the same place . . . it had prior to arbitration.' [Fn. omitted.]" (*Moran* v. *Superior Court* (1983) 35 Cal.3d 229, 241 [197 Cal.Rptr. 546, 673 P.2d 216].)[2] ■ Based on section 1141.20,

---

[1] All subsequent statutory references are to the Code of Civil Procedure, unless otherwise indicated.

[2] In 1983, section 1141.20 provided: "An arbitration award shall be final if a request for a de novo trial is not filed within 20 days after the date the arbitrator files the award with the court. Any party may elect to have a de novo trial, by court or jury, both as to law and facts. *Such trial shall be calendared,* insofar as possible, so that the trial shall be given the same

*Moran* held once a timely request for trial de novo has been made, the running of the five-year period is tolled until the new trial date set by the trial court pursuant to the sua sponte duty. (*Id.*, at pp. 240-241.)

In *Hughes* v. *Southern Cal. Rapid Transit Dist.* (1985) 173 Cal.App.3d 512, 516-518 [219 Cal.Rptr. 82], we considered whether that portion of *Moran* was superseded by the amendment of section 1141.17 to its present form, set forth *ante.* We concluded the *Moran* rule was alive and well, as it was premised on section 1141.20, not 1141.17, that the Legislature had not changed the pertinent language in section 1141.20, and nothing in the amended version of section 1141.17 invalidated the *Moran* rule. (*Hughes* v. *Southern Cal. Rapid Transit Dist., supra,* at p. 517.) The effect of *Hughes* was to "[emasculate] section 1141.17 as it permit[ted] all plaintiffs to avoid dismissal under the five-year statute whenever section 1141.20's request for [trial] de novo is timely filed." (*Id.,* at p. 518, fn. 6.)

However, the plaintiff's diligence during the period following the request for trial de novo was not addressed in *Hughes.* Reviewing now the relevant facts there, it appears the conduct of plaintiff Hughes was not a model of diligence. The complaint was filed on October 20, 1978. Following court ordered arbitration, the award was filed on September 26, 1983. Defendant RTD timely requested trial de novo on October 7, 1983. At that point, nearly five years had elapsed since the filing of the complaint. The trial court scheduled a trial setting conference for January 4, 1984. Hughes failed to give notice of the conference to the RTD and on January 4, 1984, when neither party appeared at the conference, the trial court struck Hughes's at-issue memorandum. Pursuant to Hughes's unopposed motion, the trial court then reinstated the memorandum on February 14, 1984 and ordered a trial setting conference for March 14, 1984. At the March conference, a trial date of July 9, 1984 was set, approximately five years and nine months from the time the complaint was filed. (173 Cal.App.3d at pp. 514-515.)

The RTD's motion to dismiss based on the five-year rule was granted on June 5, 1984. (173 Cal.App.3d at p. 515.) We reversed on appeal, holding the trial court had a sua sponte duty to recalendar Hughes's case following the timely request for trial de novo, and the running of the statute was therefore automatically tolled until the new trial date of July 9, 1984. (*Id.,* at p. 517.)

Subsequently, in *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1, 10-12 [225 Cal.Rptr. 905], we examined the diligence of the plaintiff following a re-

---

place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar." (Italics added.)

A 1984 amendment inserted subdivision designations (a) and (b), substituted 30 days for 20 days, and made nonsubstantive grammatical changes.

quest for trial de novo. Hill failed to call to the trial court's attention the chronology of the case, and acquiesced in a new trial date beyond the five-year mark, although ample time remained to advance the case to trial within the five-year period. (*Id.,* at p. 12.)

*Hill, supra,* 181 Cal.App.3d 1, contrasted the efforts of plaintiff Riccardo in *Moran,* who was reasonably diligent in moving the case along. Twenty-four days before the expiration of the five-year period, defendant Moran requested trial de novo. Upon receipt of a copy of Moran's request, Riccardo's attorneys contacted the superior court clerk and requested the case be reset for trial and given the same position on the trial calendar it had prior to being referred to arbitration. The clerk's office assured the attorneys the matter would be reset within the five-year period. Follow-up calls by Riccardo's attorneys produced the same assurances. However, the clerk's office sent the case file to the basement for storage, and the five-year period elapsed. (*Id.,* at pp. 6-7.)

Because diligence was present in *Moran,* we concluded in *Hill* that the Supreme Court in *Moran* never intended "to permit a plaintiff to abdicate a continuing responsibility for prosecuting the case merely because a timely request for trial de novo was filed." (*Hill v. Bingham, supra,* 181 Cal.App.3d at p. 11.) We therefore held that to give rise to the trial court's duty to recalendar the matter, "not only must there be a timely request for trial de novo, but also the plaintiff must bring to the trial court's attention the time frame of the case. A contrary conclusion would completely shift responsibility for keeping track of all applicable dates and for moving cases forward from plaintiffs to an already overburdened court system. [¶] *Moran's* sua sponte rule cannot be viewed in a vacuum. *Its rationale is to protect plaintiffs during the period it is impossible for the plaintiff to cause the matter to be set for trial because official duty was not done."* (*Id.,* at pp. 11-12, italics added.)

"Giving full credence to the import of *Moran,* a requirement of continuing diligence by the plaintiff is not inconsistent with its rationale. No reason in logic or law compels a ruling that holds merely because the trial court is under a sua sponte duty, the plaintiff is relieved of the requirement of diligence, of keeping track of crucial dates, of calling to the court's attention the chronology of the case, and of following up 'after the passage of an amount of time sufficient to indicate to a reasonably knowledgeable attorney that official duty was *not* going to be performed . . . .'" (181 Cal.App.3d at p. 12.)

In *Hill,* we moved beyond statutory construction, which was the focus in *Hughes,* and probed the issue of diligence, which is central to *Moran.* The timely filing of a request for trial de novo, standing alone, is insufficient to avoid the five-year bar. A plaintiff must also call the time frame of the case

to the trial court's attention. In addition, the plaintiff may not abdicate further responsibility and casually await a new trial date selected by the trial court, but must continue to move the case along to bring it to trial within the statutory period.[3]

The rejection of *Hughes*'s *automatic* tolling upon a timely request for trial de novo until the setting of a new trial date does not impair the protections afforded *diligent* plaintiffs. *Moran*'s tolling of time until the trial court performed its sua sponte duty to recalendar Riccardo's case was based upon the recognition "the trial court alone has the power to order a matter placed upon its trial calendar, . . ." (*Moran* v. *Superior Court, supra,* 35 Cal.3d 229 at p. 241.) If a plaintiff diligently seeks to advance a case to trial, but the trial court is unresponsive, the plaintiff has resort to the impossibility exception to the five-year rule. (§ 583.340, subd. (c).) If diligence is lacking, a plaintiff who exhausts the six months allotted by section 1141.17 faces involuntary dismissal.

(b) *Application here.*

To recapitulate, the Berrys' complaint was filed May 2, 1980. The matter was ordered into judicial arbitration, and remained in arbitration at the four and one-half year mark, which was November 2, 1984. At that point, pursuant to section 1141.17, subdivision (b), the clock stopped running and did not resume until January 28, 1986, when Weitzman moved for trial de novo. The Berrys then had until July 28, 1986, six months later, to bring the action to trial.

Following the January 28, 1986, filing of the request for trial de novo, the Berrys were under a duty to notify the trial court the five-year mark was rapidly approaching, so that the matter properly could be recalendared. (*Sizemore* v. *Tri-City Lincoln Mercury, Inc., supra,* 190 Cal.App.3d at pp. 91-92.) They did not do so.

On June 9, 1986, the Berrys suffered a dismissal when their attorney forgot about the mandatory settlement conference and arrived two hours late. ■ Reasonable diligence places on a plaintiff the affirmative duty to bring a case to trial within five years, " 'even during the last month of its statutory life.' " (*Hill* v. *Bingham, supra,* 181 Cal.App.3d at p. 10, italics deleted.) ■ With a mere 49 days then remaining, after opposing counsel refused to stipulate to a vacation of the dismissal, the Berrys waited 32 days, until July 11, 1986, to file a motion to vacate. They did not seek an order shortening time, and the hearing on their motion was set for August

---

[3]*Hill*'s approach requiring continuing diligence has been endorsed by Divisions Two and Five of this district, respectively, in *Sizemore* v. *Tri-City Lincoln Mercury, Inc.* (1987) 190 Cal.App.3d 84, 90-91 [235 Cal.Rptr. 243], and most recently, in *Taylor* v. *Hayes* (1988) 199 Cal.App.3d 1407, 1410-1411 [245 Cal.Rptr. 613]. *Barna* v. *Passage 350 Canon* (1986) 186 Cal.App.3d 440, 447-448 [230 Cal.Rptr. 764], by Division Seven, is contra.

1, 1986, which lay beyond the five-year mark. On August 27, 1986, Weitzman's dismissal motion was granted.

The record does not reflect any purposeful action by the Berrys to bring the matter to trial during the final six months of the case's statutory life following Weitzman's timely request for trial de novo.[4] Without due diligence in this regard on the part of the Berrys, the request for trial de novo alone was insufficient to toll the five-year period until the new trial date of September 5, 1986, which date was set at the August 1, 1986, hearing.

It was the Berrys' lack of diligence, not the trial court's failure to perform its sua sponte duty, which prevented the action from being brought to trial within five years. On this record, the Berrys' attempted resort to the impossibility, impracticability and/or futility exception to the five-year rule is likewise unavailing.[5]

## DISPOSITION

The order is affirmed. The Berrys to bear costs on appeal.

Danielson, J., and Arabian, J., concurred.

---

[4] The Berrys' leisurely prosecution of the matter apparently is explained by their miscalculation that the five-year period would not run until December 1986, some five months later. The Berrys' method of computation is as follows: once arbitration was ordered on June 12, 1984, it became impossible to bring the action to trial; 142 days ran from that time until the four-year and six-month mark of November 1, 1984; thereafter, an additional 453 days elapsed between November 1, 1984, and January 28, 1986, when trial de novo was requested; adding up those periods, 595 days must be added on to the four-year and six-month mark of November 1, 1984; the 595 days ended on June 19, 1986; from June 19, 1986, the Berrys had until December 19, 1986, six months later, to bring the case to trial.

[5] We recognize that *Hill,* which stressed diligence by the plaintiff following a request for trial de novo, was not yet on the books when Weitzman moved for trial de novo. However, the Berrys' running afoul of the five-year rule resulted not from their awaiting the trial court's performance of its sua sponte duty to recalendar the matter, but rather, from their error with respect to the length of the tolling period. (See fn. 4.)