[No. G008653. Fourth Dist., Div. Three. Dec. 24, 1990.]

FRANK MARCHUK, Plaintiff and Appellant, v.
RALPHS GROCERY COMPANY, Defendant and Repsondent.

**COUNSEL**

Frank Marchuk, in pro. per., for Plaintiff and Appellant.

Morgan, Wenzel & McNicholas and Patricia J. Rozakis for Defendant and Respondent.

**OPINION**

**CROSBY, J.**—Frank Marchuk challenges the postarbitration dismissal of his tort action for failure to bring it to trial within six months after he filed a request for trial de novo. We agree he was not diligent in securing a timely trial date and affirm.

**I**

This matter remained submitted to judicial arbitration more than four years and six months after it was initiated. Marchuk timely filed a

request for trial de novo on January 20, 1989. ■■■■■■ ■■ Accordingly, pursuant to Code of Civil Procedure section 583.350, he had six months from that date,[1] i.e., until July 21, 1989, to bring the action to trial.[2]

The superior court restored the case to the civil active list, but Marchuk failed to appear at the April 4, 1989 mandatory settlement conference. The minute order for that proceeding indicates the court continued the mandatory settlement conference to August 16 and scheduled trial for August 28, 1989. Marchuk admittedly learned of the new mandatory settlement conference and trial dates on April 6, 1989. He did not contact the court or opposing counsel concerning the matter until early August.

By that time, of course, the six months within which he was required to bring the case to trial had come and gone. Ralphs recognized the fact, and its motion to dismiss under the mandatory provisions of Code of Civil Procedure sections 583.310 and 583.360 was granted.

Because only defense counsel was present when the court assigned the trial date, Marchuk primarily contends Ralphs should be estopped to claim the date ran afoul of the extended five years. He obliquely adds that the arbitration tolling remained in effect until he received a trial date. For the reasons that follow, we reject both arguments.

## II

■■ Although not artfully phrased, Marchuk's second argument distills to this: A timely filed request for trial de novo absolves a plaintiff of any further responsibility to diligently monitor critical dates or to advise the

---

[1] Once the request for trial de novo was filed, the original filing date lost any significance in the context of a mandatory dismissal for failure to bring the case to trial within five years. (*Sizemore* v. *Tri-City Lincoln Mercury, Inc.* (1987) 190 Cal.App.3d 84, 89 [235 Cal.Rptr. 243].) The court was only concerned at that point with the six months between January 20, 1989 (the date the request for trial de novo was filed) and July 21, 1989 (the extended fifth anniversary). (Code Civ. Proc., §§ 583.350, 1141.17, subd. (b).)

Thus, the laborious mathematical process Ralphs employs to calculate the extended fifth anniversary is useless. For the past six years, the law has been very simple: If a case remains submitted to arbitration more than four years and six months after it was commenced, the extended fifth anniversary is six months from the filing of the request for trial de novo. (Code Civ. Proc., § 583.350.) No more, no less. There is no longer any need to count the number of arbitration days and add them to the original five years.

[2] Reconciling Government Code sections 6803 and 6804, the Court of Appeal has determined that six months "mean[s] . . . six calendar months or 182 days, whichever is longer." (*Gonzales* v. *County of Los Angeles* (1988) 199 Cal.App.3d 601, 604 [245 Cal.Rptr. 112].) The 182 days lapsed on July 21, 1989.

court to schedule the trial within the six-month limit specified in Code of Civil Procedure section 583.350.[3] He is wrong.

Nothing in the arbitration statutes relieves a plaintiff of the burden of exercising due diligence by keeping track of crucial dates and calling the court's attention to the anticipated running of the five-year period. California has long required a plaintiff to exercise due diligence in prosecuting a lawsuit. The notion that a postarbitration plaintiff is somehow excused from that responsibility has its roots in *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216].[4] We join with the other appellate panels who have determined that retirement with dignity is long overdue for *Moran*. (See, e.g., *Serrano* v. *FMC Corp.* (1990) 221 Cal.App.3d 1027, 1031 [271 Cal.Rptr. 41]; *Baccus* v. *Superior Court* (1989) 207 Cal.App.3d 1526, 1536 [255 Cal.Rptr. 781]; *Santa Monica Hospital Medical Center* v. *Superior Court* (1988) 203 Cal.App.3d 1026, 1033 [250 Cal.Rptr. 384]; *Berry* v. *Weitzman* (1988) 203 Cal.App.3d 351, 355-357 [249 Cal.Rptr. 816].) First, however, we briefly trace developments in the reasonable diligence rule.

It existed before the Legislature adopted the judicial arbitration scheme in Code of Civil Procedure section 1141.10 et seq: "No case, to our

[3] By statute, a trial de novo after arbitration "shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar." (Code Civ. Proc., § 1141.20.) Code of Civil Procedure section 583.350, added in 1984, provides, "If the time within which an action must be brought to trial pursuant to this article is tolled or otherwise extended pursuant to statute with the result that at the end of the period of tolling or extension less than six months remains within which the action must be brought to trial, the action shall not be dismissed pursuant to this article if the action is brought to trial within six months after the end of the period of tolling or extension."

[4] It is not necessary to rehash *Moran* in any detail. There, a defendant filed a timely request for trial de novo 24 days before the fifth anniversary of the lawsuit. Despite plaintiff's numerous attempts to have a trial date scheduled, the superior court clerk inadvertently sent the file to basement storage, and the statute ran. Nevertheless, defendant's motion to dismiss for failure to bring the case to trial within five years was denied.

The Supreme Court refused to issue a writ of mandate and cited two independent bases for its decision. First, the court noted plaintiff had exhibited "reasonable diligence," but the court's error made it impossible to bring the case to trial within the meaning of former Code of Civil Procedure section 583, subdivision (b) (see now Code Civ. Proc., § 583.340, subd. (c)). (*Moran* v. *Superior Court, supra,* 35 Cal.3d at pp. 238-240.) Second, relying on the court's duty under Code of Civil Procedure section 1141.20 to calendar a trial "in 'the same place . . . it had prior to arbitration,' [the court determined the five-year period remained] tolled until the new trial date set by the court." (*Id.* at p. 241, fn. omitted.)

*Moran* was filed on December 22, 1983. Arguably the second ground for the decision was obsolete before the opinion became final. Six months earlier the Governor approved a bill amending Code of Civil Procedure section 1141.17 to provide that arbitration tolling ended not on the date the trial de novo was scheduled but "on the date on which a request for a de novo trial is filed under Section 1141.20." (Stats. 1983, ch. 123, § 3, p. 295.) The amendment was effective eight days after *Moran* was filed. (See *Dresser* v. *Bindi* (1990) 221 Cal.App.3d 1493 [271 Cal.Rptr. 137].)

knowledge, has ever held that inadvertence on the part of the court in selecting a trial date [beyond the five-year statute] constitutes the type of impracticability, impossibility or futility which tolls [that] statute. Nor do we propose to adopt such a rule. It is the plaintiff's duty to keep track of the pertinent dates which are crucial to maintenance of his lawsuit, and to see that the action is brought to trial within the five-year period. (*Crown Coach Corp.* v. *Superior Court* [1972] 8 Cal.3d 540, 549 [105 Cal.Rptr. 339, 503 P.2d 1347].)" (*Singelyn* v. *Superior Court* (1976) 62 Cal.App.3d 972, 975 [133 Cal.Rptr. 486].)

Diligence was the rule after the advent of judicial arbitration and before the Supreme Court issued *Moran*. (*Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 221, fn. 4 [213 Cal.Rptr. 132].) It was taken for granted in *Moran* itself. (*Moran* v. *Superior Court, supra*, 35 Cal.3d at p. 240; see also fn. 3, *ante*.)

After *Moran*, however, in an apparent zeal to apply the new tolling rule, several courts ignored or relegated the reasonable diligence standard to a less prominent position. In *Paul E. Iacono Structural Engineer, Inc.* v. *Rizzo* (1984) 162 Cal.App.3d 803 [208 Cal.Rptr. 787], the court held the five-year statute did not run until the trial court set a postarbitration trial date, but did not discuss plaintiff's diligence. *Ward* v. *Levin* (1984) 161 Cal.App.3d 1026 [208 Cal.Rptr. 312] reached the same result, but there the court determined plaintiff acted diligently in securing a postarbitration trial date.

Several courts also refused to accede to the legislative committee comment that the 1984 amendment to section 1141.17 "supersedes the rule stated in *Moran* [] that the time between the date the arbitration award is filed and the date set for the trial de novo is to be excluded from the calculation of the five-year dismissal period." (See, e.g. *Barna* v. *Passage 350 Canon* (1986) 186 Cal.App.3d 440, 447 [230 Cal.Rptr. 764] ["under the tolling rule of *Moran*, the reasonable diligence of the plaintiff is placed in issue under the discretionary dismissal statutes [], but not under the mandatory dismissal statute"]; *Hughes* v. *Southern Cal. Rapid Transit Dist.* (1985) 173 Cal.App.3d 512 [219 Cal.Rptr. 82] [no diligence discussion].)

But the *Barna* and *Hughes* courts have reconsidered their views and now reject the notion that a plaintiff need not diligently pursue a timely trial date after arbitration. Presiding Justice Klein, who authored *Hughes*, also authored *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1 [225 Cal.Rptr. 905] (one panel member of *Hughes* concurred in *Hill*) and *Berry* v. *Weitzman, supra*, 203 Cal.App.3d 351 (joined by the second *Hughes* panel member). In *Hill*, she wrote, "Giving full credence to the import of *Moran*, a requirement of continuing diligence by the plaintiff is not inconsistent with its rationale. No

reason in logic or law compels a ruling that holds merely because the trial court is under a sua sponte duty, the plaintiff is relieved of the requirement of diligence, of keeping track of crucial dates, of calling to the court's attention the chronology of the case, and of following up . . . ." (*Hill, supra,* at p. 12.)

The court went even further in *Berry.* There the panel observed, "In *Hill,* we moved beyond statutory construction, which was the focus in *Hughes,* and probed the issue of diligence, which is central to *Moran.* The timely filing of a request for trial de novo, standing alone, is insufficient to avoid the five-year bar. A plaintiff must also call the time frame of the case to the trial court's attention. In addition, the plaintiff may not abdicate further responsibility and casually await a new trial date selected by the trial court, but must continue to move the case along to bring it to trial within the statutory period. [¶] The rejection of *Hughes*'s automatic tolling upon a timely request for trial de novo until the setting of a new trial date does not impair the protections afforded diligent plaintiffs . . . . If a plaintiff diligently seeks to advance a case to trial, but the trial court is unresponsive, the plaintiff has resort to the impossibility exception to the five-year rule. (§ 583.340, subd. (c).) If diligence is lacking, a plaintiff who exhausts the six months allotted by section 1141.17 faces involuntary dismissal." (*Berry* v. *Weitzman, supra,* 203 Cal.App.3d at pp. 356-357, fn. omitted.) We agree.

One of the concurring justices in *Barna* v. *Passage 350 Canon, supra,* 186 Cal.App.3d 440 garnered a new majority in *Baccus* v. *Superior Court, supra,* 207 Cal.App.3d 1526 and embraced the rationale of *Santa Monica Hospital Medical Center* v. *Superior Court, supra,* 203 Cal.App.3d 1026: "The plaintiffs in both *Barna* and *Moran* were diligent in attempting to bring their cases to trial after arbitration. Because real parties in the instant case were not diligent, we deem the analysis in *Santa Monica Hospital Medical Center* [] to control here." (*Baccus, supra,* at p. 1536.)[5] So do we.

In this case, Marchuk admittedly knew in April that the court scheduled the trial beyond the six-month limit. He made no effort to inform the court of the problem. And, unlike the plaintiffs in *Moran* and *Barna,* he did not contact the court until after the extended five years expired. Nothing in the record before us suggests it was impossible or futile to attempt to bring this lawsuit to trial before the five years ran. Marchuk cannot blame opposing counsel or the court for the lapse. It was his responsibility to monitor the dates, and he failed to do so.

---

[5] The second concurring justice in *Barna* continues to adhere to the view that "*Moran* requires no diligence of plaintiff other than a request for trial de novo." (*Id.* at p. 1539 (conc. opn. of Johnson, J.).) As far as our research reveals, Justice Johnson remains the sole appellate voice for this view.

## III

■ In support of his estoppel claim, Marchuk quotes *Tejada* v. *Blas* (1987) 196 Cal.App.3d 1335 [242 Cal.Rptr. 538], where the panel observed, "The doctrine of equitable estoppel is applicable to section 583.310 dismissal motions. [Citations.] If a trial court finds statements or conduct by a defendant which lulls the plaintiff into a false sense of security resulting in inaction, and there is reasonable reliance, estoppel must be available to prevent defendant from profiting from his deception." (*Id.* at p. 1341.) Of course, having said that, the Court of Appeal in *Tejada* went on to affirm the dismissal of plaintiff's action. Marchuk must suffer the same fate.

The superior court did not find that defense counsel did or said anything to mislead Marchuk, and nothing in the record supports an estoppel. Plaintiff failed to appear at a properly noticed mandatory settlement conference. Whether or not defense counsel had a role in scheduling the trial date is beside the point. Marchuk knew in early April that the trial was set in August, beyond the extended fifth anniversary date of July 21, 1989. Yet he did nothing to "diligently perform[] his independent duty to at all times keep track of the five-year deadline and inform the trial court of that deadline . . . ." (*Santa Monica Hospital Medical Center* v. *Superior Court, supra,* 203 Cal.App.3d at p. 1034.) Once the extended fifth anniversary passed, the court had no choice but to dismiss his action.

Judgment affirmed. Respondent is entitled to costs.

Moore, J., concurred. Sonenshine, Acting P. J., concurred in the result only.

Appellant's petition for review by the Supreme Court was denied March 14, 1991. Mosk, J., was of the opinion that the petition should be granted.