[No. B045500. Second Dist., Div. Four. Nov. 29, 1990.]

CAROL A. NYE, Plaintiff and Appellant, v.
20TH CENTURY INSURANCE COMPANY, Defendant and
Respondent.

COUNSEL

Quan, Cohen, Kurahashi, Hsieh & Scholtz and Ronald M. Hirano for Plaintiff and Appellant.

Demler, Armstrong & Rowland and Thomas J. Moses for Defendant and Respondent.

OPINION

EPSTEIN, J.—The plaintiff and appellant, Carol A. Nye, appeals from an order granting respondent's motion to dismiss for failure to prosecute. ■ ■■ ■ (Code Civ. Proc., § 583.410; all further code citations are to the Code of Civil Procedure.)[1]

---

[1] An order of dismissal for failure to prosecute is an appealable order. (*San Francisco Lathing, Inc.* v. *Superior Court* (1969) 271 Cal.App.2d 78, 82 [76 Cal.Rptr. 304].) Shortly before the time this order was made, the trial court granted a summary adjudication of issue (§ 437c), ruling that plaintiff was not entitled to recover punitive damages. Plaintiff purports

We conclude that the trial court acted within the proper exercise of its discretion in dismissing the action, and affirm.

### FACTUAL AND PROCEDURAL SUMMARY

Appellant was involved in an automobile accident in April 1984. She brought this action against the respondent, 20th Century Insurance Company, her insurance carrier, after it refused to replace her damaged engine with a new engine.

The lawsuit was filed in Los Angeles Superior Court on September 12, 1984. Respondent demurred to the original complaint. An amended complaint was filed on December 28, 1984, and respondent filed its answer on January 17, 1985.

Some two and one-half years later, on August 24, 1987, appellant filed an at-issue memorandum, effectively placing the case on the court's schedule of matters ready to be set for conference and trial. The parties engaged in some discovery (two sets of requests for admissions propounded by respondent, interrogatories by respondent and two depositions), the last of which was completed by February 1986. Defendant filed a motion for summary judgment or summary adjudication of issues on October 11, 1988. The court ruled on that motion on November 9, 1988.

On August 2, 1989, appellant's attorney called the calendar clerk of the trial court to inquire about the status of the case, and to inform her of the upcoming running of the five-year statute (§ 583.310). He learned that no status conference had been set, and that it was unlikely that one would be set before September 12, 1989, the fifth anniversary of the lawsuit. Appellant's counsel then sought a stipulation to extend the statute from his opponent. When that was declined, he sought an order shortening time in aid of a motion to specially set, which he filed on August 4, 1989.

The trial court specially set the motion for hearing, and authorized respondent to file a motion to dismiss to be heard at the same time. Respondent filed a motion to dismiss, as authorized by the court. Both motions were heard on August 16, 1989, at which time the court denied the motion to specially set and granted the order of dismissal. The court granted reconsideration of its orders, and they were reargued on August 28, 1989, at

to appeal from that order as well. An order granting or denying summary adjudication is not appealable, but is reviewable before trial only by writ. (§ 437c, subd. (*l*).) We will therefore dismiss the purported appeal from that order. In view of our disposition of the merits of the appeal from the order of dismissal, we see no reason to construe the purported appeal from the summary adjudication order as an application for a writ.

which time they were reissued. A formal order denying special setting and dismissing the lawsuit was entered on September 12, 1989. It was followed by the instant appeal.

## DISCUSSION

Appellant argues that the trial court abused its discretion in granting the motion to dismiss, and in refusing to set her case for trial before the expiration of the five-year period of section 583.310. ■ Trial courts are given wide discretion in ruling on such motions, and their determinations may only be overturned on a showing that the discretion has been abused. (*Wong* v. *Davidian* (1988) 206 Cal.App.3d 264, 268 [253 Cal.Rptr. 675].)

While there is a public policy favoring disposition of cases on their merits, that policy coexists with the policy "that a plaintiff shall proceed with reasonable diligence in the prosecution of an action." (§ 583.130; *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 562 [194 Cal.Rptr. 773, 669 P.2d 9].) In *Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342, 347 [228 Cal.Rptr. 504, 721 P.2d 590], the Supreme Court pointed out that ". . . although the interests of justice weigh heavily against disposing of litigation on procedural grounds—a policy we reaffirm—that policy will necessarily prevail *only* if a plaintiff makes some showing of excusable delay." (Italics added.) From this, it follows that "a plaintiff, in order to avoid dismissal for delay in prosecution, must show a reasonable excuse for such delay; once he makes that showing, the trial court must consider all pertinent factors, including prejudice to defendant from the delay, before deciding whether or not to dismiss." (*Cordova* v. *Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1533 [242 Cal.Rptr. 605].)

In the case before us, the appellant offered no excuse at all for her delays. Some two and one-half years elapsed between the time that her lawsuit became at issue and the time that her attorney placed it in line for trial by filing an at-issue memorandum. Her attorney waited until a mere 41 days before the expiration of the 5-year period until inquiring of the court as to the status of the case. The response, that nothing was scheduled to be heard within the remaining time, should have come as no surprise. Only on receipt of this information did counsel take any action—by moving the court to specially set the case. That motion requires a showing of good cause. (Cal. Rules of Court, rule 375(b); *Parlen* v. *Golden State Sanwa Bank* (1987) 194 Cal.App.3d 906, 912 [240 Cal.Rptr. 73].) The only showing made was that the statutory period would run unless the case were set. As *Salas* and other authorities teach, this is not enough to compel a court to grant the motion. In effect, the motion to specially set for trial on minimal

notice, if granted, would allow this plaintiff to take a "cut" in line, displacing other parties who had been diligently pursuing their causes.

■ Appellant argues that there is no showing that respondent was prejudiced by her delay in prosecuting the action. In point of fact, the trial court found that respondent would be prejudiced by an order for immediate trial. But even if this were not so, absence of prejudice would neither compel the trial court to grant a motion to specially set nor prevent it from granting a motion to dismiss. (See *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58]; *Wong* v. *Davidian, supra,* 206 Cal.App.3d at p. 270.)

■ Finally, appellant argues that she received less than the 45-day notice prescribed for discretionary dismissals by California Rules of Court, rule 373(a). She can hardly complain on that ground, having come to court with less than 45 days remaining before the end of the 5-year period, having then sought an order shortening time so that her motion to specially set could be heard; and not having objected on the ground of insufficient notice when the trial court allowed respondent to file its motion on shortened time, or during the arguments on the merits on the motions or on reconsideration of the court's orders. (See *Wilson* v. *Sunshine Meat & Liquor Co., supra,* 34 Cal.3d at p. 561.) Given that the court acted within its discretion in denying the motion to specially set, if the court had denied or not acted upon the motion to dismiss, dismissal under section 583.310 would have been required within a few weeks thereafter, since nothing operated to toll the running of the five-year period.

### Disposition

The order of dismissal is affirmed, and the purported appeal from the order granting summary adjudication of an issue is dismissed. Respondent is to have its costs on appeal.

Woods (A. M.), P. J., and George, J., concurred.