[No. S035703. June 15, 1995.]

ARKITA L. HOWARD, Plaintiff and Appellant, v.
THRIFTY DRUG AND DISCOUNT STORES, Defendant and
Respondent.

**COUNSEL**

Errol J. Gordon for Plaintiff and Appellant.

Lynberg & Watkins, Charles A. Lynberg and Hellar Ann Hancock for Defendant and Respondent.

## OPINION

MOSK, J.—In this case, we revisit our decision in *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216] (*Moran*) to reconsider the relationship between the Judicial Arbitration Act (Code Civ. Proc.,[1] § 1141.10 et seq.) and the statute requiring that an action be dismissed if it has not been brought to trial five years after filing the complaint. (§ 583.310.)[2] In *Moran* we construed the meaning of section 1141.20, which requires trial courts to recalendar a case after arbitration "so that the trial shall be given the same place on the active list as it had prior to arbitration . . . ." In order to enforce this statutory mandate, we held that after a trial de novo is requested following the filing of an arbitration award "[t]he time between the date the arbitration award is filed with the court and the date set for the new trial is to be excluded from calculation of the five-year period of section 583 (b) [now section 583.310]." (*Moran, supra,* 35 Cal.3d at p. 242.) As will appear, we conclude that our holding in *Moran* must be read in the manner now apparently agreed upon by the Courts of Appeal: the five-year statute will be tolled in the postarbitration period *only if* a plaintiff timely notifies the trial court of the date that statute is due to expire and requests that the trial be scheduled before that date. Plaintiff did not exhibit such minimal diligence in this case, and hence cannot benefit from the tolling provisions implicit in section 1141.20. We also find, however, that the trial court in this case erred in calculating the expiration of the five-year period and therefore erroneously dismissed the case on mandatory grounds.

We further hold that the trial court did not abuse its discretion in denying plaintiff's motion to specially set and in dismissing the action on discretionary grounds under section 583.410. Although a trial court should use such postarbitration motions to specially set as a means of rectifying its failure to calendar or recalendar a case for trial pursuant to section 1141.20, the action may nonetheless be subject to discretionary dismissal when the plaintiff has shown unreasonable delay, either before or after arbitration, or when the defendant can show actual prejudice from the plaintiff's dilatory conduct. Here, the trial court's discretionary dismissal of this case was justified by plaintiff's significant delay in both the pre- and post-arbitration periods. We therefore affirm the judgment of the Court of Appeal dismissing this case pursuant to section 583.410.

### I. *Facts*

The undisputed facts tell the tale of a series of procedural errors committed by both parties and by the trial court. On May 12, 1987, plaintiff and

---

[1] All statutory references will be to the Code of Civil Procedure unless otherwise indicated.

[2] Section 583.310 reads: "An action shall be brought to trial within five years after the action is commenced against the defendant."

appellant Arkita L. Howard (plaintiff) filed a complaint for personal injury and premises liability against defendant and respondent Thrifty Drug and Discount Stores (defendant) in Los Angeles Superior Court, alleging that the latter's negligence led to her being assaulted on the premises of one of defendant's stores. Defendant filed its answer on December 11, 1987.

In 1988, the parties engaged in some discovery, propounding interrogatories and requests for documents. After that, there was little activity in the case until plaintiff filed an at-issue memorandum in January of 1991, some three years and seven months after filing the complaint. Pursuant to California Rules of Court, rule 209, the case was placed on a civil active list, from which it was eligible to be calendared for trial once certain other procedural prerequisites were fulfilled. In April of 1991 the matter was assigned to judicial arbitration pursuant to section 1141.10 et seq., with a postarbitration status conference scheduled for October 11, 1991. An arbitration was held on August 14, 1991, and on August 22, 1991, the arbitrator awarded plaintiff $30,000. That award became final on September 21, 1991, when defendant failed to request a trial de novo according to section 1141.20, subdivision (a). On October 1, 1991, the trial court entered judgment for plaintiff pursuant to the arbitrator's award. In its October 3, 1991, arbitration status conference report, plaintiff correctly indicated that neither side had requested a trial de novo.

On October 11, 1991, at what was to have been the postarbitration status conference, defendant filed a motion to vacate the judgment and to request a trial de novo. That motion was denied without prejudice, because of certain technical defects, and was renewed on November 7, 1991. Defendant's attorney stated in the second motion that his failure to request a trial de novo had been due to his own neglect, which had been caused by a heavy case load and preparation for surgery. Plaintiff opposed both motions. On November 27, 1991, the court granted defendant's motion, on the condition that defendant pay plaintiff reasonable fees in the amount of $2,000 for the cost of opposing these motions. On December 4, 1991, defendant requested a trial de novo. On December 9, 1991, defendant filed a motion to reduce sanctions. On December 31, 1991, defendant paid the sanctions, and on January 8, 1992, the court denied the motion to reduce the sanctions and ordered defendant to pay plaintiff an additional $500 in attorney fees. No trial date was set at that time.

Activity on the case again ceased until July 7, 1992, when the court granted plaintiff an order shortening time which allowed her to schedule a July 10, 1992, motion to specially set the case for trial, pursuant to section

36, subdivision (e), and California Rules of Court, rule 375. In a declaration in support of the motion, plaintiff's attorney stated that he had been extremely busy with other matters and that he had associated another attorney on April 27, 1992. The declaration also stated: "It had been my understanding of the law that the Court had a *sua sponte* responsibility to see that the matter was set. However, I felt compelled to take some action in order to protect my client's claim before the expiration of this statute."

The trial court denied the motion to specially set, and in the hearing stated two separate grounds. First, the court found that five years had already elapsed since plaintiff filed her action, requiring a dismissal for failure to prosecute under section 583.310. Second, the court found that even if, as plaintiff contended, there were 44 days remaining in the 5-year period at the time she made the motion to specially set, plaintiff's lack of activity since defendant's request for a trial de novo made a denial of the motion to specially set appropriate on *discretionary* grounds under section 583.410.

The Court of Appeal affirmed the trial court's dismissal. The court rejected plaintiff's argument that the five-year statute was automatically tolled under our *Moran* decision. Although the court conceded that the trial court may have miscalculated the amount of time the five-year statute had been tolled, and therefore may have erred in granting a mandatory dismissal of the case, it nonetheless upheld the dismissal on discretionary grounds.

## II. *The Applicability of the Moran Case*

Plaintiff first contends, relying on our opinion in *Moran, supra*, 35 Cal.3d 229, that the five-year limitation period prescribed by section 583.310 is automatically tolled between the date a trial de novo is requested under section 1141.20, and the date set for the new trial. None of the time elapsed between defendant's request for a trial de novo and plaintiff's motion to specially set, she argues, should have been counted when calculating the five-year period. Therefore, she claims, she was entitled under *Moran* to a timely trial date, and the trial court erred as to both its mandatory and discretionary dismissal of the case.

In order to assess the merits of plaintiff's position, we must discuss at some length the meaning of the *Moran* case in light of subsequent legislative developments as well as judicial interpretations.

In *Moran*, with only forty-one days left before the expiration of the five-year statute, and with the trial set for approximately one month before the expiration date, the trial court ordered the case into arbitration pursuant

to section 1141.11. When the plaintiff's attorneys warned of the impending five-year statute, the trial court assured them that the case would be restored to the trial calendar should any party request a trial de novo. After an arbitrator's award to the plaintiff, the defendant requested a trial de novo 24 days before the expiration of the 5-year period.

The plaintiff promptly notified the court of the imminent five-year deadline and the need to recalendar the case for trial. But despite assurances from court personnel, the case was misfiled and sent to storage. Eventually, 129 days after the supposed expiration of the 5-year statute, defendant moved for dismissal under section 583, subdivision (b), the predecessor to the current section 583.310. (*Moran, supra,* 35 Cal.3d at p. 236.) Although the defendant's motion was denied in the trial court, he was granted writ relief in the Court of Appeal.

We reversed the Court of Appeal, finding for two independent reasons that the statute had not expired. First we recognized an implied exception to the five-year statute when, despite a plaintiff's reasonable diligence, prosecution of the action within five years proves to be "impossible, impracticable, or futile"—an exception that has since been codified in section 583.340, subdivision (c). Reviewing the complete record of the plaintiff's actions over the five-year period, we found her to have been reasonably diligent, and therefore within the "impossible, impracticable, or futile" exception. (*Moran, supra,* 35 Cal.3d at pp. 238-240.)

Second, we concluded in part III of that opinion that the time between the date a postarbitration trial de novo is requested and the date on which the new trial is set should in any case be excluded from the five-year period. We based this conclusion on a construction of section 1141.20, which permitted a party to request a trial de novo within 20 days (now 30 days) after the filing of an arbitration award, and which also provided (and currently provides) that: "Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar." As we stated: "Once [a request for a trial de novo] has been made, this section requires that a case be *calendared* for trial in the order of priority it held before arbitration. Since the trial court alone has the power to order a matter placed upon its trial calendar, section 1141.20 imposes a duty upon the court *sua sponte* to recalendar the trial in 'the same place . . . it had prior to arbitration.' In compliance with this statutory mandate, and in order to ensure that the plaintiff will retain the benefit of the amount of time

remaining in the five-year period when the case went into arbitration, that period will remain tolled until the new trial date set by the court." (*Moran, supra,* 35 Cal.3d at pp. 240-241, italics in original, fn. omitted.) It is this second "automatic tolling" prong of *Moran* that plaintiff relies on in arguing that the five-year statute was tolled from the date defendant requested a trial de novo, and that therefore the trial court erred in dismissing the case.

Our Courts of Appeal, particularly those in the Second District, have had numerous occasions to interpret *Moran* and in particular its second prong. Initially, a schism within these courts arose, with some courts appearing to hold that the postarbitration tolling occurred whether or not plaintiff acted diligently in reminding the court to timely calendar the case. (See *Barna* v. *Passage 350 Canon* (1986) 186 Cal.App.3d 440, 447-448 [230 Cal.Rptr. 764]; *Hughes* v. *Southern Cal. Rapid Transit Dist.* (1985) 173 Cal.App.3d 512, 517-518 [219 Cal.Rptr. 82]; *Paul E. Iacono Structural Engineer, Inc.* v. *Rizzo* (1984) 162 Cal.App.3d 803 [208 Cal.Rptr. 787]; *Ward* v. *Levin* (1984) 161 Cal.App.3d 1026, 1033 [208 Cal.Rptr. 312].) Other courts held that plaintiffs were required to be diligent, specifically that a "plaintiff [must] notify the trial court of the correct five-year limit" once a trial de novo has been requested, in order to benefit from the tolling period discussed in *Moran.* (*Santa Monica Hospital Medical Center* v. *Superior Court* (1988) 203 Cal.App.3d 1026, 1034 [250 Cal.Rptr. 384]; see also *Messih* v. *Levine* (1991) 228 Cal.App.3d 454, 458 [278 Cal.Rptr. 825]; *Marchuk* v. *Ralphs Grocery Co.* (1990) 226 Cal.App.3d 1273, 1277 [276 Cal.Rptr. 627]; *Dresser* v. *Bindi* (1990) 221 Cal.App.3d 1493, 1498 [271 Cal.Rptr. 137]; *Serrano* v. *FMC Corp.* (1990) 221 Cal.App.3d 1027, 1031-1032 [271 Cal.Rptr. 41]; *Baccus* v. *Superior Court* (1989) 207 Cal.App.3d 1526, 1536 [255 Cal.Rptr. 781]; *Berry* v. *Weitzman* (1988) 203 Cal.App.3d 351, 356-357 [249 Cal.Rptr. 816]; *Sizemore* v. *Tri-City Lincoln Mercury* (1987) 190 Cal.App.3d 84, 91-92 [235 Cal.Rptr. 343]; *Hill* v. *Bingham* (1986) 181 Cal.App.3d 1, 11-12 [225 Cal.Rptr. 905]; *Cannon* v. *City of Novato* (1985) 167 Cal.App.3d 216, 222 [213 Cal.Rptr. 132].) Apparently, this latter view has prevailed and is now unanimously held in the Courts of Appeal by all divisions that have considered the issue. (See *Messih* v. *Levine, supra,* 228 Cal.App.3d 454, 458; *Marchuk* v. *Ralphs Grocery Co., supra,* 226 Cal.App.3d 1273, 1278.)

■ We agree with these Courts of Appeal that some initial, reasonable diligence on plaintiffs' part is required to benefit from section 1141.20's implied tolling provisions. This construction of section 1141.20 is dictated in part by another arbitration statute, section 1141.17. That section, which was strengthened and clarified by amendments going into effect after the *Moran* decision was filed (see *Dresser* v. *Bindi, supra,* 221 Cal.App.3d at pp.

1498-1500), now reads: "(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running [of the five-year statute], except as provided in this section. [¶] (b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for a trial de novo is filed under Section 1141.20 shall not be included in computing the five-year period specified in Section 583.310."

Whatever may have been the original viability of *Moran*'s "automatic tolling" holding, the amended section 1141.17 leaves little doubt that such a holding is now untenable. Submission of an action to arbitration will result in the tolling of the five-year mandatory dismissal statute only under the terms of section 1141.17. That is, the five-year statute will only stop running for arbitrations beginning or continuing into the last six months of the five-year period, and then only from the four-year six-month date after filing the action until the date a trial de novo is requested. This tolling scheme is directly contrary to the one set forth in *Moran*, in which tolling continues past the date of the trial de novo request and does not cease until the date set for the new trial.

Moreover, we also agree with the Court of Appeal's criticism of the automatic tolling language of the *Moran* decision as contrary to the long-settled principle that it is a plaintiff's duty, rather than the trial court's, to keep track of critical dates. (See *Cannon* v. *City of Novato, supra*, 167 Cal.App.3d 216, 222.) As the *Cannon* court declared: " 'The burden is upon the plaintiff to call to the attention of the court the necessity for setting the trial for a time within the period fixed by [section 583].' " (*Cannon, supra,* 167 Cal.App.3d at p. 222, quoting *Steinbauer* v. *Bondesen* (1932) 125 Cal.App. 419, 426 [14 P.2d 106].) This rule is well founded: the burden of keeping track of the relevant dates should properly fall on plaintiffs, because it is they who have the interest, and the statutory duty under section 583.310, to timely prosecute their cases. Section 1141.20 cannot be construed to relieve plaintiffs of this burden.

The evident purpose of section 1141.20 is to prevent plaintiffs from being penalized for having undergone the arbitration process; it accomplishes this purpose by returning plaintiffs to their pre-arbitration position on the trial calendar. Section 1141.17, however, restricts the amount of time that can be tolled automatically as the result of submitting an action to arbitration. To reconcile these statutes, we endorse the narrow reading of *Moran* adopted by the Courts of Appeal, as cited above: an action is automatically tolled as the

result of submission to arbitration only if it falls within the terms set forth in section 1141.17—that is, only within the last six months of the five-year period, and only until a trial de novo is requested. The trial court, however, still has the duty to calendar or recalendar the case for trial under section 1141.20. But it is the plaintiff's task, rather than that of the court, to keep track of pertinent dates, and to inform the court of these. Once a plaintiff has informed the court, during or shortly after a trial de novo request, of the five-year trial date, the court then has the duty to schedule the case "insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration," or to receive civil priority. (§ 1141.20.) Thus, if prior to arbitration a plaintiff is eligible to receive a trial date within the five-year statute, as was the case in *Moran*, then the plaintiff is entitled to receive such a trial date upon a timely postarbitration request. If the trial court fails to correctly calendar or recalendar the case after having been properly notified, only then will the action be tolled pursuant to section 1141.20 from the date of the trial de novo request until the date of the new trial. This tolling will result not from "submission to arbitration" under section 1141.17, but from the court's failure in the postarbitration period to fulfill its duty under section 1141.20.

■ Of course, a plaintiff who benefits from such tolling of the five-year statute pursuant to section 1141.20 may still be subject to a discretionary dismissal, if the plaintiff would have been subject to such dismissal *before* arbitration. (See *Sisler* v. *Superior Court* (1988) 205 Cal.App.3d 864, 868-869 [252 Cal.Rptr. 665].) Although section 1141.20 seeks to ensure that a diligent plaintiff will obtain his or her pre-arbitration place in the calendar, it does not guarantee a trial date within the five-year period if a dilatory plaintiff would not have been eligible for a timely trial date prior to entering arbitration.

In the present case, plaintiff did not inform the trial court of the impending five-year deadline, or make any effort to have a trial date set immediately following defendant's request for a trial de novo. Hence, the five-year statute continued to run between the time the trial request was made and the time some six months later when plaintiff made a motion to specially set the case for trial.

Plaintiff attempts to distinguish the present case from the Courts of Appeal cases cited above on two grounds. First, as plaintiff correctly points out, in most of those cases, it was the plaintiff who requested a trial de novo. (See, e.g., *Messih* v. *Levine, supra,* 228 Cal.App.3d 454, 456; *Marchuk* v. *Ralphs Grocery Co., supra,* 226 Cal.App.3d 1273, 1275-1276; *Dresser* v.

*Bindi, supra,* 221 Cal.App.3d 1493, 1495; *Serrano* v. *FMC Corp., supra,* 221 Cal.App.3d 1027, 1029.) In this case, as in *Moran,* the defendant made the request. But this distinction is not significant. A defendant's request for a trial de novo under section 1141.20, subdivision (a), in no way shifts the burden of timely advancing the litigation from plaintiff to defendant, and it still remains the plaintiff's responsibility to keep track of critical dates.

Second, plaintiff contends many of the Court of Appeal cases cited above have been those in which the court erroneously calendared the case for trial after the five-year period had elapsed; the plaintiff in those cases was either responsible for that error or failed to bring the error to the court's attention. (See, e.g., *Taylor* v. *Hayes* (1988) 199 Cal.App.3d 1407, 1490 [245 Cal.Rptr. 613]; *Sizemore* v. *Tri-City Lincoln Mercury, supra,* 190 Cal.App.3d 84, 87; *Hill* v. *Bingham, supra,* 181 Cal.App.3d 1, 5.) In this case, the trial court failed to recalendar the case altogether. But this, too, is a distinction without a difference. A plaintiff, as we have said, has the duty to request a timely trial date. That duty remains in force whether or not the court has fulfilled its own sua sponte duty to recalendar the case. Plaintiff's failure to perform that duty leaves the five-year statute running.

We therefore conclude that the present action was not tolled between the time of defendant's trial de novo request and plaintiff's motion to specially set. Whether the trial court was obliged, under section 1141.20, to grant plaintiff's motion to specially set is a separate question, which we address in part IV of this opinion.[3]

---

[3]Plaintiff also claims that our modification of the *Moran* rule should not be applied retroactively, and therefore not to her. We disagree. The general rule is that a decision of this court narrowing a former decision construing a noncriminal statute is retrospective in its operation, except when retroactivity is precluded as a matter of fairness and public policy, as when the parties justifiably rely on the previous decision. (*Moradi-Shalal* v. *Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 305 [250 Cal.Rptr. 116, 758 P.2d 58].) In this case plaintiff cannot claim justifiable reliance on the "automatic tolling" language of the *Moran* decision because by the time the relevant facts in this case occurred, the Courts of Appeal were in unanimous agreement that the *Moran* decision should be interpreted narrowly to require plaintiff's diligence. (See *Messih* v. *Levine, supra,* 228 Cal.App.3d 454, 458, and cases cited therein.) The Courts of Appeal's interpretation of *Moran* at the very least called the "automatic tolling" language of that decision into question. Plaintiff's claim of reliance is further undermined by the fact that the Courts of Appeal's narrow reading of *Moran* was based in part, as we have stated, on amendments to section 1141.17 that went into effect after the *Moran* decision was filed. In light of the uncertainty of *Moran*'s "automatic tolling" holding, no reasonably prudent attorney would have failed to make that effort. Plaintiff's contention that she justifiably relied on our *Moran* decision, and should be exempt from the rule announced today, is therefore without basis.

### III. *Tolling of Statute Under Section 583.340, Subdivision (c)*

 Plaintiff claims that, even without the aid of the *Moran* case, the five-year statute had not yet expired at the time the motion to specially set was made, and that the trial court erred in dismissing the case on mandatory grounds. Specifically, plaintiff contends that the statute governing the tolling of the five-year period in this case is not section 1141.17, as defendant contends, but section 583.340, which provides that "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] . . . [¶] (c) Bringing the action to trial . . . was impossible, impracticable, or futile." Plaintiff argues that, from the date that the arbitration award became final on September 22, 1991 (30 days after the arbitrator's decision was rendered) until December 31, 1991, when defendant paid the sanctions on the motion to set aside the default and defendant's request for a trial de novo went into effect, it was "impossible, impracticable, or futile" to bring the case to trial, and therefore the five-year statute should be tolled for that entire one-hundred-one-day period. If that were the case, then the motion to specially set filed on July 7, 1992, was made not, as the trial court calculated it, and as defendant now contends, after the expiration of the five-year statute, but in fact forty-four days *before* that date.

Defendant takes issue with plaintiff's calculations and her supporting legal arguments. Defendant's argument begins from the principle that, as noted above, section 1141.17 provides the sole means for the automatic tolling of a statute resulting from "submission of an action to arbitration." Under section 1141.17, subdivision (a), such tolling will only commence if the action "is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action." Defendant then contends that, since the four-year six-month period after filing did not commence until November 12, 1991, no tolling of the statute occurred before that date. Defendant concedes that the tolling period continued until December 31, 1991, when the sanctions were paid. Thus, the tolling period only lasted for 49 days, which, when added on to the original May 12, 1992, date for the expiration of the 5-year period, brings the expiration date to June 30, 1992. Plaintiff's motion to specially set the case for trial on July 7, 1992, was therefore made, by defendant's reckoning, after the tolling date had expired, and the trial court had no choice but to deny it.

We disagree, however, that section 1141.17 controls. As noted in part II of this opinion, section 1141.17 only governs actions that are tolled as the result of "submission of an action to arbitration," and does not govern

postarbitration tolling caused by other means. The present action "remained submitted" to arbitration until the 30-day period for requesting a trial de novo had run. (§§ 1141.17, subd. (b), 1141.20, subd. (a).) After that time, plaintiff entered into a postarbitration period during which, she claims, it was "impossible, impracticable, or futile" within the meaning of section 583.340, subdivision (c), for her to prosecute the action. This impossibility arose not because of the submission of the action to arbitration, as defendant contends, but because of the postarbitration state of the litigation, namely defendant's own default. We agree that a tolling due to a postarbitration condition of impossibility, impracticability or futility is controlled not by section 1141.17, but by section 583.340, subdivision (c).[4]

As for the specifics of plaintiff's argument, we agree that the five-year statute was tolled from September 22, 1991, until December 31, 1991. ■ The determination whether it was "impossible, impracticable, or futile" to bring a case to trial within a given time period is generally fact specific, depending on the obstacles faced by the plaintiff in prosecuting the action and the plaintiff's exercise of reasonable diligence in overcoming those obstacles. (See *Hughes* v. *Kimble* (1992) 5 Cal.App.4th 59, 67 [6 Cal.Rptr.2d 616].) Nonetheless, there are some circumstances in which it can be said almost invariably that the exception applies. Such is the case when a default judgment has been entered in favor of the plaintiff, effectively bringing the litigation to a standstill. (*Id.* at p. 68; *Maguire* v. *Collier* (1975) 49 Cal.App.3d 309, 313 [122 Cal.Rptr. 510]; *Ford* v. *Superior Court* (1973) 34 Cal.App.3d 338, 343 [109 Cal.Rptr. 844].) ■ A judgment was entered on plaintiff's behalf on October 1, 1991, after defendant's failure to request a trial de novo. The case remained in a statutory limbo during the period in which defendant attempted to vacate the default, until defendant succeeded in that endeavor on December 31, 1991. The five-year statute must be considered tolled between those dates.

The week prior to the entry of the judgment must also be excluded. On September 22, 1991, the 30-day period for requesting a trial de novo had expired. There was nothing left for plaintiff to do but to ensure that the court entered the arbitrator's award as a judgment on her behalf. This the court did one week later. In the context of a default judgment, courts have held that a

---

[4]The concurring opinion asserts that an action "remains submitted" to arbitration after the arbitration has concluded and the arbitration award has been made final under section 1141.20. Nothing in the language of either section 1141.17 or 1141.20 supports this position. Moreover, the concurring opinion's construction of section 1141.17 rewards defendant and penalizes plaintiff for a delay that is wholly attributable to the former's negligence. This result is neither dictated by section 1141.17 nor consistent with section 583.340, subdivision (c).

reasonable period of time between the defendant's default and the entry of the default judgment should also be excluded from the calculation of the five-year period. (*Hughes* v. *Kimble, supra,* 5 Cal.App.4th at p. 69; *Maguire* v. *Collier, supra,* 49 Cal.App.3d at p. 313; *Vanyek* v. *Heard* (1971) 18 Cal.App.3d 467, 471 [95 Cal.Rptr. 750].) In this case, the one week between the finalization of the arbitrator's award and the entry of judgment was an indubitably reasonable period. (Cf. *Hughes* v. *Kimble, supra,* 5 Cal.App.4th at p. 70 [gap of three years between default and judgment unreasonable and does not toll five-year statute].) We therefore find that the five-year statute was tolled as of September 22, 1991.

As defendant now concedes, the date on which the tolling period ended was neither November 27, the day the default judgment was conditionally vacated, nor December 4, 1991, the date on which the defendant requested a trial de novo, but rather December 31, 1991, when defendant paid the $2,000 sanction that was the condition of vacating the judgment.[5] Thus, the five-year statute was tolled for 101 days. Adding this on to the May 12, 1992, date on which the five-year statute was originally supposed to have expired, the new five-year date was August 21, 1992. Therefore, when the motion to specially set was filed on July 7, 1992, the five-year statute had not expired, and in fact there were forty-four days remaining in the five-year period.

We thus conclude that the trial court erred in dismissing the case on mandatory grounds under section 583.310.

IV. *Did the Trial Court Abuse Its Discretion to Specially Set the Case for Trial Under Section 36, Subdivision (e)?*

The trial court also held that plaintiff's motion to specially set under section 36, subdivision (e) should be denied on discretionary grounds under

---

[5]The error committed by the trial court in calculating the tolling period differs from the one now urged by defendant. The trial court conceded that the period from the October 1 until November 27, when the default judgment was conditionally vacated, was tolled, but did not count the period from November 27 until December 31, the date on which the sanctions were paid, because "we can't make the setting aside [of a default] conditional upon the payment of money." As defendant now concedes, the trial court erred in this regard. Section 473 authorizes a court, in its discretion, to relieve a party to a default judgment "upon any terms as may be just." This includes conditioning the setting aside of the default on the payment by the defaulting party of reasonable sanctions. (*Jade K.* v. *Viguri* (1989) 210 Cal.App.3d 1459, 1474 [258 Cal.Rptr. 907].) Thus, until the sanctions were paid, the default judgment was still in effect and neither the vacation of the default nor defendant's request for a trial de novo was operative.

section 583.410.[6] Subdivision (a) of that latter section states: "The court may in its discretion dismiss an action for delay in prosecution pursuant to this article on its own motion or on motion of the defendant if to do so appears to the court appropriate under the circumstances of the case." Section 583.420, subdivision (a)(2)(A) makes clear that an action may be subject to discretionary dismissal only if it has not been brought to trial within three years. The Court of Appeal held that the trial court did not abuse its discretion in dismissing the case 44 days before the expiration of the 5-year deadline.

 Before addressing the discretionary dismissal of this case, we first review the basic principles that are to guide a trial court's discretion in determining whether to grant a motion to specially set following an arbitration and trial de novo request. We begin with the declaration of legislative policy found in section 583.130: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition. Except as otherwise provided by statute or by rule of court adopted pursuant to statute, . . . the policy favoring trial or other disposition of an action on the merits [is] generally to be preferred over the policy that requires dismissal for failure to proceed with reasonable diligence in the prosecution of an action in construing the provisions of this chapter."

In spite of this preference for disposition on the merits, the decision whether to grant a motion to specially set a case for trial remains within the sound discretion of the court. Section 36, subdivision (e), which governs motions to preferentially set, provides that "the court may in its discretion grant a motion for preference served with the memorandum to set or the at-issue memorandum and accompanied by a showing of cause which satisfies the court that the interests of justice will be served by granting this preference." A plaintiff is not automatically entitled to a preferential trial setting merely because a failure to specially set would lead to an expiration of the five-year statute. (*Salas* v. *Sears, Roebuck & Co.* (1986) 42 Cal.3d 342 [228 Cal.Rptr. 504, 721 P.2d 590] (*Salas*).) Rather, he or she must generally make "some showing of excusable delay" in order to receive the preferential

---

[6]In this part of the opinion we consider both the trial court's discretionary decision to deny the motion to preferentially set under section 36, subdivision (e), to avoid the five-year dismissal statute, and its decision to dismiss the case on discretionary grounds under section 583.410, subdivision (a). Since the same standard applies to both types of decisions (see *Wilson* v. *Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 560-561 [194 Cal.Rptr. 773, 669 P.2d 9]), they can be considered for present purposes as merely two sides of the same determination. We will therefore refer to a discretionary denial of a motion to specially set and a move to discretionarily dismiss interchangeably.

trial date. (*Id.* at p. 349.) Once a threshold of excusable delay is shown, however, the trial court still retains discretion to deny the motion, but that discretion "is not wholly unfettered: [the court] must consider the 'total picture.'" (*Salas, supra*, 42 Cal.3d at p. 349; *Cordova* v. *Vons Grocery Co.* (1987) 196 Cal.App.3d 1526, 1533 [242 Cal.Rptr. 605].) The factors to be taken into account in assessing this "total picture" are essentially the ones prescribed when a court is considering a motion for a discretionary dismissal under California Rules of Court, rule 373(e).[7] (See *Wilson* v. *Sunshine Meat & Liquor Co., supra*, 34 Cal.3d at pp. 560-561.) We have particularly emphasized "the condition of the court calendar, dilatory conduct by plaintiff, prejudice to defendant of an accelerated trial date, and the likelihood of eventual mandatory dismissal if the early trial date is denied." (*Salas, supra*, 42 Cal.3d at p. 349.)

When, as here, a plaintiff makes a motion to specially set after the trial court has failed to recalendar the case in the postarbitration period, the court is confronted with a situation somewhat distinct from the typical trial preference motion. As discussed above, "[s]ince the trial court alone has the power to order a matter placed upon its trial calendar, section 1141.20 imposes a duty upon the court *sua sponte* to recalendar the trial 'in the same place . . . it had prior to arbitration.'" (*Moran, supra*, 35 Cal.3d at p. 241, fn. omitted.) The modification of the *Moran* rule in part II of this opinion does not alter the existence of the trial court's statutorily imposed sua sponte duty, but rather recognizes that the existence of such duty does not result in the automatic tolling of the five-year statute. A motion to specially set in this context can be characterized, therefore, as a belated attempt by a plaintiff to compel the court to fulfill its duty to recalendar the case, rather than as simply plaintiff's attempt to regain the time she has lost by her own procrastination. Thus, the preference for disposition of an action on the merits incorporated in section 583.130 is reinforced in this situation by

---

[7]Rule 373(e) provides: "In ruling on the motion [to discretionarily dismiss] the court shall consider all matters relevant to a proper determination of the motion, including the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."

section 1141.20's mandate that plaintiffs not be penalized for undergoing arbitration.

Put in figurative terms, whereas the chief policy concern behind section 36, subdivision (e) is to prevent a dilatory plaintiff from taking "a 'cut' in line, displacing other parties who had been diligently pursuing their causes" (*Nye* v. *20th Century Ins. Co.* (1990) 225 Cal.App.3d 1041, 1046 [275 Cal.Rptr. 319]), the concern of section 1141.20 is to allow plaintiffs who have engaged in arbitration to keep their place in line for trial eligibility. (*Moran, supra,* 35 Cal.3d at pp. 241-242.) When, as here, the case is not returned to the civil active list and calendared for trial because of the court's failure to comply with section 1141.20, the fact that a motion to specially set now seeks to rectify that error should weigh in plaintiff's favor.

Nonetheless, the trial court still retains discretion to deny a motion to specially set made by a plaintiff who has failed to promptly request a timely trial date in the postarbitration period. A plaintiff who waits an unreasonably long time in acting to correct the court's failure to recalendar the case may be unable to claim "excusable delay" and therefore may be subject to dismissal. (See *Karubian* v. *Security Pacific Nat. Bank* (1984) 152 Cal.App.3d 134, 139 [199 Cal.Rptr. 295].)

The court may also have reason for denying a plaintiff's motion when it determines that the accelerated trial date is actually prejudicial to the defendant. One of the purposes behind section 583.410, in addition to encouraging diligence by the plaintiff, is to " 'promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.' " (*Corlett* v. *Gordon* (1980) 106 Cal.App.3d 1005, 1016 [165 Cal.Rptr. 524].) Although courts should not presume that a delay in prosecution is prejudicial to a defendant (*City of Los Angeles* v. *Gleneagle Dev. Co.* (1976) 62 Cal.App.3d 543, 563 [133 Cal.Rptr. 212]), a showing of actual prejudice can be a critical factor in granting a motion to dismiss or denying a motion to specially set (*Corlett, supra,* at p. 1016).

Moreover, a motion to specially set under the circumstances of this case may be denied inasmuch as it is supported by plaintiff's *pre-arbitration* conduct of the litigation. As explained in part II of this opinion, if a plaintiff is vulnerable to a discretionary dismissal for want of prosecution *before* arbitration under section 583.410, then undergoing the arbitration process and benefiting from the recalendaring under section 1141.20 does not necessarily immunize the plaintiff against such a motion.

In sum, a trial court may use a plaintiff's motion to specially set the case for trial as an opportunity to correct its own failure to calendar or recalendar the case after arbitration under section 1141.20; but these considerations can be outweighed by the plaintiff's unreasonable delay either before or after arbitration, as well as by prejudice to the defendant from an accelerated trial date.

When reviewing a discretionary dismissal or a denial of a motion to specially set on discretionary grounds, an appellate court must presume that the decision of the trial court is correct. " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) Although a lower court is obliged to consider the relevant factors when ruling on a discretionary motion to dismiss, it is not compelled to state in written or oral form its reasons for granting a discretionary dismissal. (*Wilson* v. *Sunshine Meat & Liquor Co.*, *supra*, 34 Cal.3d at p. 562.) The burden is on the party challenging the trial court's decision to show that the court abused its discretion. (*Denham*, *supra*, 2 Cal.3d at p. 566.) Thus, even if there is no indication of the trial court's rationale for dismissing an action, the court's decision will be upheld on appeal if reasonable justification for it can be found. "We uphold judgments if they are correct for any reason, 'regardless of the correctness of the grounds upon which the court reached its conclusion.' " (*United Pacific Ins. Co.* v. *Hanover Ins. Co.* (1990) 217 Cal.App.3d 925, 933 [266 Cal.Rptr. 231].)

In the present case, a review of the transcript and the trial court's order reveals little of the trial court's rationale for denying the motion to specially set. But we cannot say that the order itself is unreasonable. We note in this case that there was a lapse of three years and seven months between the time of the filing of the complaint and the filing of the first at-issue memorandum—a period during which, except for the propounding of form interrogatories and a single request for documents, the case lay dormant. Nor is there any evidence in the record of active settlement negotiations or delay by defendant. (Cf. *Jepsen* v. *Sherry* (1950) 99 Cal.App.2d 119, 122 [220 P.2d 819]; *Forneris* v. *Krell* (1945) 69 Cal.App.2d 280, 283 [158 P.2d 937].)

Although plaintiff did conduct a successful arbitration, she then waited over six months—and less than two months before the expiration of the five-year deadline—to bring to the court's attention the lack of a trial date. And the fact that defendant made no showing of prejudice is not determinative: when a plaintiff fails to make a showing of excusable delay, the trial

court remains within its discretion in dismissing the case despite the lack of actual prejudice. (See *Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 332 [216 Cal.Rptr. 718, 703 P.2d 58].) In short, we cannot say, in light of plaintiff's delay both before and after arbitration, that the trial court abused its discretion in dismissing the case.

## V. *Disposition*

The judgment of the Court of Appeal sustaining dismissal of plaintiff's action pursuant to Code of Civil Procedure section 583.410 is affirmed.

Lucas, C. J., Kennard, J., Arabian, J., George, J., and Werdegar, J., concurred.

**BAXTER, J.,** Concurring.—I concur in the judgment and with part II of the majority opinion. The automatic tolling recognized in *Moran* v. *Superior Court* (1983) 35 Cal.3d 229 [197 Cal.Rptr. 546, 673 P.2d 216] is no longer defensible. I also agree that a plaintiff has a responsibility to inform the court of the date on which the five-year period within which the action must be brought to trial will expire. Finally, I agree that dismissal of this action was proper.

I do not agree, however, that Code of Civil Procedure section 585.340[1] tolled any part of the five-year period within which this action should have been brought to trial that fell after the arbitration award was filed and prior to November 12, 1991, the commencement of the last six months of that five-year period. Only forty-nine days within the six months immediately prior to expiration of the five-year period were tolled, and those were tolled by section 1141.17, not section 585.340. Therefore, because the five-year period expired on June 30, 1992, a date that fell before plaintiff moved to specially set, at the time that motion was made the superior court had no discretion in the matter. Dismissal was mandatory.

The majority hold that, because plaintiff could not bring her action to trial between the date the arbitration award became final and the effective date of the order conditionally granting defendant's motion for relief from default, that time period was tolled under subdivision (c) of section 583.340 as a period when "[b]ringing the action to trial . . . was impossible, impracticable, or futile."

Subdivision (c) of section 583.340 has no application here, however, as section 1141.17, which governs tolling of actions submitted to arbitration, is

---

[1]All statutory references are to the Code of Civil Procedure.

a special statute which supplants the more general provisions of section 583.340 as to any part of the five-year period devoted to arbitration-related proceedings except the final six months of that period. Special statutory provisions related to a particular subject will govern over more general provisions even though a general provision is broad enough to include the same subject. (§ 1859; Civ. Code, § 3534; *Woods* v. *Young* (1991) 53 Cal.3d 315, 325 [279 Cal.Rptr. 613, 807 P.2d 455]; *People* v. *Tanner* (1979) 24 Cal.3d 514, 521 [156 Cal.Rptr. 450, 596 P.2d 328]; *Warne* v. *Harkness* (1963) 60 Cal.2d 579, 588 [35 Cal.Rptr. 601, 387 P.2d 377].) Section 1141.17 permits tolling of arbitration-related time only as to that time that falls within the last six months of the five-year period within which an action must be brought to trial.

Section 1141.17 provides: "(a) Submission of an action to arbitration pursuant to this chapter shall not suspend the running of the time periods specified in Chapter 1.5 (commencing with Section 583.110) . . . except as provided in this section.

"(b) If an action is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action, then the time beginning on the date four years and six months after the plaintiff has filed the action and ending on the date on which a request for de novo trial is filed under section 1141.20 shall not be included in computing the five-year period specified in Section 583.310."

Therefore, as the majority concede, under section 1141.17, subdivision (a), tolling will only commence if the action "is or remains submitted to arbitration pursuant to this chapter more than four years and six months after the plaintiff has filed the action." (Maj. opn., *ante*, p. 437.) For reasons that are not explained, however, the majority concludes, notwithstanding the fact that the trial court granted relief from default and permitted the filing of a postarbitration request for trial de novo, that the case did not remain submitted to arbitration until that request was filed within the meaning of section 1141.17. The majority do not acknowledge that regardless of the reason for the delay in the date on which defendant's request for trial de novo became effective, when the order granting the request did become effective, the arbitration award was no longer final. The matter had been returned to the same arbitration status as any other matter submitted to arbitration. Therefore, the time between the filing of the arbitration award and effective date of the order for trial de novo is indistinguishable for purposes of section 1141.17 from the time during which a matter remains submitted to arbitration in a case in which a timely request is filed. The only

time that section 1141.17 tolls is that falling within the last six months of the five-year period.

The result of the majority holding is that tolling is available under section 583.340 for time between filing of an arbitration award and the request for trial de novo even though that time is not within the last six months of the five-year period. That constitutes a grant of time within which to bring the action to trial that would not be available to a plaintiff whose action was filed on the same date, whose arbitration proceeded routinely, and who was forced into a trial de novo by a losing defendant who timely sought trial de novo before the last six months of the five-year period commenced.

The impact on this action is illustrative. On November 12, 1991 the action went into the last six months before the five-year statute mandated dismissal. Had the defendant filed a timely request for trial de novo, that is, filed the request by September 21, 1991, no part of the five-year period would have been tolled. Here, the request could not be filed until relief from default was granted and the court-imposed sanctions were paid on December 31, 1991. Thus, literal application of section 1141.17 would consider the matter to be under submission to arbitration until the request for trial de novo became effective and would toll the five-year statute only from the date of the commencement of the last six months, November 12, 1991, and December 31, 1991, or 49 days. This is already 49 days more than a plaintiff who filed the action on the same date would normally have to bring a case to trial after arbitration ending at the same time. Thanks to the largess of the majority, however, the plaintiff in cases like this is given not 49, but 70, days, additional time within which to bring the action to trial—all of the time from the date the arbitration award became final on September 21, 1991, until the request for trial de novo became effective on December 31, 1991, including time that is not within the final six-month period.

The majority offer no justification for creating this nonstatutory exception to the limited tolling allowed by section 1141.17. I find none and conclude that the rule created by the majority which permits tolling before the final six months of the five-year period commences is contrary to the legislative intent reflected in section 1141.17.