Filed 10/20/21  Brown v. Safeway CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| ALICE BROWN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>    Defendant and Respondent. | A161804<br><br>(Del Norte County<br>Super. Ct. No. CVPI-2019-1127) |

### MEMORANDUM OPINION[1]

Alice Brown, acting in propria persona, sued Safeway, Inc. (Safeway) after its employee allegedly denied her a refund totaling $4.11, told other employees and customers that Brown lied, and called the police to falsely report her refusal to leave the store.  Brown appeals from an order granting Safeway's special motion to strike her intentional misrepresentation, defamation, and discrimination causes of action, pursuant to the anti-SLAPP statute (Code Civ. Proc., § 425.16).[2]

---

[1] We resolve this appeal by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

[2]  Undesignated statutory references are to the Code of Civil Procedure.

Brown argues that the trial court erred by granting Safeway's motion "while acknowledging this case as a mixed cause of action." She cites *Baral v. Schnitt* (2016) 1 Cal.5th 376 and *Flatley v. Mauro* (2006) 39 Cal.4th 299 as support for her argument. She does not explain how these authorities support her position, set forth the allegations of her operative complaint, attempt to identify any specific allegations and explain why they are not subject to being struck under the anti-SLAPP statute, or support her argument with citation to the record.

As an appellate court, we must presume the trial court's order is correct, and the appellant bears the burden of affirmatively demonstrating error. (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.) Here, Brown has not addressed the merits of her appeal in a meaningful way. (*People v. Stanley* (1995) 10 Cal.4th 764, 793 [reviewing courts may disregard points missing cogent legal argument]; *Golden Drugs Co., Inc. v. Maxwell-Jolly* (2009) 179 Cal.App.4th 1455, 1468.) She also has not identified the material facts or supported them with proper citation to the record. (See Cal. Rules of Court, rule 8.204(a)(1)(C) [any reference to matters in record must be supported with citation to volume and page number]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

We acknowledge Brown filed her opening brief in propria persona. But self-represented litigants "are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; accord, *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

In any event, to the extent Brown implicitly argues, as she did below, that Safeway's statements to police were unprotected under the anti-SLAPP statute because they were unlawful, we disagree. Safeway does not admit that its police report was false. Nor is there any uncontroverted evidence that it was false. Safeway's report to police is protected petitioning activity under

2

section 425.16, subdivision (e)(1)-(2).  (*Flatley v. Mauro, supra,* 39 Cal.4th at pp. 317, 320; *Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 967 ["false" police report is protected activity under anti-SLAPP statute if falsity is contested].)  By failing to submit any admissible evidence in support of her opposition to the motion to strike, Brown did not meet her burden, at the second step, to establish a probability of success on claims arising from this protected activity. (See § 425.16, subd. (b); *Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 788 ["a plaintiff seeking to demonstrate the merit of the claim 'may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence' "].)

Finally, even if we could construe Brown's conclusory reference to "a mixed cause of action" in her opening brief as an argument that Safeway failed to meet its burden below as the party moving to strike the entire defamation cause of action (see *Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009, 1011; *Baral v. Schnitt, supra,* 1 Cal.5th at pp. 384, 396), she is barred from challenging the trial court's order striking that cause of action because she abandoned her prior appeal (A158754) from the now final order striking an identical cause of action.  (See § 906 [reviewing court not authorized "to review any decision or order from which an appeal might have been taken"]; *In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 761, fn. 8; *In re Cicely L.* (1994) 28 Cal.App.4th 1697, 1705 [" 'If an order is appealable . . . and no timely appeal is taken therefrom, the issues determined by the order are res judicata' "].)  We conclude Brown has failed to demonstrate error.

## DISPOSITION

The order is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____
BURNS, J.

We concur:

_____
JACKSON, P.J.

_____
SIMONS, J.

A161804