Filed 11/9/23  P. v. Montgomery-Sansome CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MONTGOMERY-SANSOME, LP, et al.,<br><br>　　　Defendants and Appellants. | A164554<br><br>(San Mateo County Super. Ct. No. 17CIV04659) |

### MEMORANDUM OPINION[1]

In this consumer protection action brought by the People, the trial court found, after a bench trial, that defendants Montgomery-Sansome, LP and its general partner and owner Leonard Nordeman committed, in their general contracting work, 45 violations of the False Advertising Law (Bus. & Prof. Code, § 17500 et seq.)[2] and the Unfair Competition Law (§ 17200). Montgomery-Sansome and Nordeman (collectively, appellants) appeal from the judgment, in which the trial court ordered appellants to pay civil penalties and enjoined further violations.

---

[1] We resolve this case by a memorandum opinion pursuant to Standard 8.1 of the California Standards of Judicial Administration, and the First Appellate District Local Rules, rule 19.

[2] Undesignated statutory references are to the Business and Professions Code.

1

So far as we can tell from their deficient opening brief on appeal, appellants contend that substantial evidence does not support the trial court's findings, that the trial court misconstrued the Public Insurance Adjusters Act (Ins. Code, § 15000 et seq.; the Act), and that the trial court abused its discretion by granting injunctive relief. We affirm because appellants wholly fail to meet their burden to demonstrate error and have forfeited all their arguments.

As an appellate court, we must presume the trial court's judgment is correct. The appellant bears the burden of affirmatively demonstrating error. (*Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443.) To do so, the appellant must provide an adequate record (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348) along with reasoned and intelligible legal argument supported by references to the record and pertinent authority. (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 (*Hernandez*); *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*); Cal. Rules of Court, rules 8.204(a)(1)(B)-(C), (a)(2)(C).)

Here, appellants fail to address the merits of their appeal in a meaningful way. First, appellants suggest that substantial evidence does not support certain of the trial court's findings— that appellants (who are not licensed as public insurance adjusters) were compensated for aiding insureds in negotiating the settlement of property damage claims (see Ins. Code, §§ 15006, 15007),[3] that appellants made false or misleading

---

[3] Insurance Code section 15006, subdivision (a), prohibits any person from acting as a public insurance adjuster without a license. Insurance Code section 15007, in pertinent part, provides: "A public insurance adjuster within the meaning of this chapter is a person who, *for compensation*, acts on behalf of or aids in any manner, an insured in negotiating for or effecting the settlement of a claim or claims for loss or damage under any

2

statements, and that their consulting contracts constitute "home improvement contracts" subject to the requirements of the Home Improvement Contract Law (Bus. & Prof. Code, §§ 7151, 7151.2, 7159). However, appellants have forfeited their substantial evidence arguments by failing to provide an adequate summary of the facts, supported by citations to the record.

California Rules of Court, rule 8.204(a)(1)(C) requires that all appellate briefs must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." It also provides that an appellant's opening brief must "[p]rovide a summary of the significant facts limited to matters in the record." (*Id.*, rule 8.204(a)(2)(C).) The factual summary must present *all* the material facts, not just the evidence supporting the appellant's position. (*Nwosu, supra,* 122 Cal.App.4th at p. 1246.) Failure to present a fair statement of the facts, accompanied by corresponding specific citations to the record, results in forfeiture of any substantial evidence argument. (*Ibid.*) It is not our role to search the record for evidence that supports appellants' arguments. (*Ibid.*)

At trial, eight witnesses testified and 44 exhibits—several of which are more than one hundred pages long—were admitted. But appellants only provide proper record citations on two occasions within the entirety of their opening briefs' "[s]tatement of [t]he [c]ase" and substantial evidence sections. On both occasions, their citation is solely to Nordeman's own testimony. In far more numerous instances, appellants make purportedly factual statements, but then fail to provide any citation to the record. They also fail to summarize (much less cite the record to support) the People's evidence. This is especially egregious considering that they challenge trial court findings that underlie

policy of insurance covering real or personal property." (Italics added.)

3

45 different violations of the False Advertising Law and Unfair Competition Law.  Accordingly, appellants' substantial evidence arguments are forfeited.  (*Nwosu, supra,* 122 Cal.App.4th at p. 1246.)

Next, appellants (obliquely) argue that the trial court misinterpreted the Act.  They assert, "[t]he public policy of licensing qualified public insurance adjusters is to prevent dishonesty, sharp dealing, and incompetence to the consumer" and "to [p]rotect the [p]ublic from [u]nethical or [f]raudulent [p]ublic [a]djusters [n]ot to [p]unish [c]ontractors [w]ho [h]elp [i]nsureds [w]ithout [c]ompensation."  They also suggest that the trial court misconstrued the meaning of "negotiating," as used in Insurance Code section 15007.

Although they cite that statute, an opinion construing it (*Building Permit Consultants, Inc. v. Mazur* (2004) 122 Cal.App.4th 1400), and Insurance Code section 2695.9 (in their supplemental brief)[4]—they fail to explain how this authority conflicts with the trial court's judgment.  Because appellants fail both to support this argument with citations to the record and to apply cited legal principles to the facts, they have also forfeited this argument.  (See Cal. Rules of Court, rule 8.204(a)(1)(C); *Hernandez, supra,* 37 Cal.App.5th at p. 277 ["[w]e may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt' "]; *In re S.C.* (2006) 138 Cal.App.4th 396, 408 ["[t]o demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"].)

---

[4] There is no section 2695.9 of the Insurance Code.  It appears that appellants' counsel meant to cite California Code of Regulations, title 10, section 2695.9.

4

Finally, appellants argue that the trial court abused its discretion in granting injunctive relief.  Yet, again, appellants do not specify in any comprehensible manner how the trial court abused its discretion.  They merely refer to certain hypotheticals and state (in conclusory fashion) that such hypothetical behavior should not be considered illegal.  In doing so, they fail to cite any evidence in the record or legal authority that supports the relevance of their hypotheticals.[5]  Accordingly, appellants forfeited this point by failing to articulate a reasoned argument, supported by legal authority and citations to the record.  (See Cal. Rules of Court, rules 8.204(a)(1)(B)-(C); *Hernandez, supra,* 37 Cal.App.5th at p. 277; *In re S.C., supra,* 138 Cal.App.4th at p. 408.)

It is not our role to construct arguments on appellants' behalf.  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

## DISPOSITION

The judgment is affirmed.  The People are entitled to their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

BURNS, J.

WE CONCUR:

JACKSON, P.J.
SIMONS, J.

*People v. Montgomery-Sansome, LP, et al.* (A164554)

---

[5] Appellants cite one page in the reporter's transcript where an expert witness gave examples of contractor behavior that would not constitute public insurance adjusting.  This citation alone does not demonstrate an abuse of discretion.